UNITED STATES DISTRICT COURT

Northern District of California

NEW SENSATIONS, INC.,

              Plaintiff,

   v.

DOES 1-1,474,

              Defendants.

_____/

No. C 11-2770 MEJ

**AMENDED[1] ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH**

**Docket No. 14**

On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1.  On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery.  Dkt. No. 13.  The Court permitted Plaintiff to serve subpoenas on Does 1-2,590's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including

[1] Amended to correct the docket number of the motion to quash in the caption above and the number of Doe Defendants in the last paragraph. No substantive changes have been made to the original order issued on October 26, 2011.  Dkt. No. 15.

UNITED STATES DISTRICT COURT
For the Northern District of California

the name, address, telephone number, and email address of Does 1-2,590. *Id.* at 11.  Once the ISPs

provided Does 1-2,590 with a copy of the subpoena, the Court permitted Does 1-2,590 30 days from

the date of service to file any motions contesting the subpoena (including a motion to quash or

modify the subpoena). *Id.*

Now before the Court is a Motion to Quash, filed by an individual Doe Defendant requesting

that he be allowed to contest the subpoena without revealing his personal identifying information.[2]

Dkt. No. 14.  In his motion, the Doe Defendant argues generally that joinder is improper in this case.

However, the Court considered the issue of joinder at length in its previous order and found that

Plaintiff presented a reasonable basis to argue that the Doe Defendants' actions in this case may fall

within the definition of "same transaction, occurrence, or series of transactions or occurrences" for

purposes of joinder under Federal Rule of Civil Procedure 20(a).  Dkt. No. 12 at 6-11.  As the

present motion presents the same generalized arguments addressed in its previous order, the Court

finds it is without merit.  Further, the Doe Defendant does not present any information which might

allow the Court to make a determination as to whether joinder is improper as to him specifically, or

whether any other grounds for quashing the subpoena exist against him specifically.  Accordingly,

the present motion is DENIED.

---

[2]Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on the Defendant's motion(s) to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c).  *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was *not* a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served.  Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s).

**UNITED STATES DISTRICT COURT**
For the Northern District of California

2

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   While the Doe Defendant has failed to show that the subpoena should be quashed based on

2   generalized joinder arguments, he may be meritorious if he presents arguments specific to himself.

3   Thus, denial of the present motion is WITHOUT PREJUDICE.  Defendant may file a revised motion

4   to quash that presents arguments specific to himself.  In so doing, Defendant should be mindful that

5   a general denial of engaging in copyright infringement is not a valid basis for a motion to quash.

6   *MCGIP, LLC v. Does 1-18*, 2011 WL 2181620, at *1 (N.D. Cal. Jun. 02, 2011) (citation omitted).

7   Defendant should also be mindful that, while the Court is sympathetic to valid privacy arguments

8   that may be raised, it is difficult to say that any Doe Defendant "had a strong expectation of privacy

9   because he or she either opened his or her computer to others through file sharing or allowed another

10   person to do so."  *Id.* (citation omitted).

11   Because the Court does not have contact information to notify the Doe Defendant of the

12   denial of his motion, the Court orders Plaintiff to provide a copy of this order to the relevant ISP(s),

13   with the instruction that the ISP should in turn provide a copy of the order to the Doe Defendants

14   named in this action.  Because there is no way to identify the Doe Defendants that filed the present

15   motion, the ISP should provide the order to all 1,474 Defendants.  If any ISP that receives a

16   subpoena elects to charge for the costs of providing the order, it shall provide a billing summary and

17   cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

18

19   **IT IS SO ORDERED.**

20

21   Dated: October 26, 2011

22   _____
    Maria-Elena James

23   Chief United States Magistrate Judge

24

25

26

27

28

3