IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NEW SENSATIONS, INC.

Plaintiff,

vs.

DOES 1-1,474

Defendants.

_____/

CASE No. 3:11-cv-2770-MEJ

MOTION TO QUASH OR MODIFY
SUBPOENA AND MOTION TO DISMISS

## MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

I received a letter from my ISP regarding a subpoena, which included a copy of the

Amended Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited

Discovery.

From accounts of previous defendants of other copyright infringement lawyers, such as

Steele Hansmeier and Plaintiff's lawyer Ira M. Siegel, demand letters follows these subpoena

notifications.  These letters -- which usually demand amounts in the area around $900 - $3000, to

avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I

am filing this motion, and for this reason, I respectfully request that I be allowed to do so without

revealing my personal identifying information.

Plaintiff may argue that this motion should be dismissed because of its anonymous filing.

The reason for filing this motion anonymous is because I fear retaliation by Plaintiff.  The fear of

---

[1]Google search: "steele hansmeier letter", http://www.justanswer.com/intellectual-property-law/5dp71-received-letter-attorney-named-ira-m-siegel-informing.html, http://www.justanswer.com/intellectual-property-law/5e3po-received-letter-law-offices-ira-siegel-claiming.html

[2]Google search: "steele hansmeier phone calls"

retaliation is so great that I will be mailing my motions to the court and Plaintiff through a remailer service in order to protect my home address. Now, by filing this motion, I draw attention to Plaintiff's questionable action of how they pursue this copyright infringements case. If I filed this motion under true name, I feel Plaintiff would single me out for selective prosecution. The prosecution would not be because of the alleged copyright infringement, but to serve as an example to other defendants who do not settle with Plaintiff regardless of guilt or innocence.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Ira M. Siegel is using improper joinder in this mass lawsuit alleging copyright infringement through BitTorrent. New Sensation, Inc. has filled nearly identical mass lawsuits in California and in New York, including a BitTorrent cases nearly identical to this one (*New Sensations, Inc. v. Does 1-1,768 case 5:10-cv-05864, New Sensations, Inc. v. Does 1-1,745 case 3:10-cv-05863, New Sensations, Inc. v. Does 1-1,745 case 1:11-mc-00395*) all which have been voluntarily dismissed by the Plaintiff. Meanwhile, another identical mass lawsuit in California is *New Sensations, Inc. v. Does 2-1,768 case 4:11-cv-02835* was dismissed.

In *New Sensations, Inc. v. Does 2-1,768 case 4:11-cv-02835*, the court notes before dismissal:

> Plaintiff's complaint offers no indication that Plaintiff's claim against Doe 2 is sufficiently related to its claims against the remaining Doe Defendants. Plaintiff alleges only that each Doe Defendant has "reproduced and distributed to the public at least a substantial portion of Plaintiff's copyright work." Compl. ¶ 10. This allegation does not suggest that each Doe Defendant engaged in the same infringement or series of infringements.

> Although Plaintiff pleads that all Doe Defendants have agreed to
> violate its copyrights, it offers no factual basis for this allegation.
> Consequently, Plaintiff's claims against Does 3 through 1,768 are
> not properly joined to this action.

Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case*

*1:2010-cv-06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any
> copyrights (something that this court will assume to be the case,
> given the Complaint's allegations that so state), each of those
> infringements was separate and apart from the others. No
> predicate has been shown for thus combining 300 separate actions
> on the cheap — if CP had sued the 300 claimed infringers
> separately for their discrete infringements, the filing fees alone
> would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Plaintiff's lawyer Steele Hansmeier's abuse of the

litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant
> to quash a subpoena in this ill-considered lawsuit filed by CP
> Productions, Inc. ("CP") against no fewer than 300 unidentified
> "Doe" defendants – this one seeking the nullification of a February
> 11, 2011 subpoena issued to Comcast Communications, LLC.
> This Court's February 24, 2011 memorandum opinion and order
> has already sounded the death knell for this action, which has
> abused the litigation system in more than one way. But because
> the aggrieved Doe defendants continue to come out of the
> woodwork with motions to quash, indicating an unawareness of
> this Court's dismissal of this action, 1 CP's counsel is ordered to
> appear in court on March 9, 2011 at 9:00 a.m. Counsel will be
> expected to discuss what steps should be taken to apprise all of the
> targeted "Doe" defendants that they will not be subject to any
> further trouble or expense as a result of this ill-fated (as well as ill-
> considered) lawsuit.
> *CP Productions, Inc. v. Does 1-300 case 1:2010-cv-06255*
> *(dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in

denying the motion for expedited discovery in *VPR Internationale vs. Does 1-1017 case 2:2011-*

*cv-02068*, "Plainly stated, the court is concerned that the expedited *ex parte* discovery is a

fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23."

In the Northern District of California, these nearly identical BitTorrent cases have been

severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011-cv-02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010-cv-04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010-cv-05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010-cv-05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California

by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011-cv-02258*, Judge Samuel

Conti found the same joinder problems, and wrote in his order denying request for leave to take

early discovery, "This Court does not issue fishing license;"

Additionally, in a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern

District of California, 5010 John Does were dismissed from *On The Cheap, LLC. v. Does 1-5011*

*case 10-cv-04472*, due to improper joinder. Judge Zimmerman stated the following in his order:

> This Court does not condone copyright infringement and
> encourages settlement of genuine disputes. However, Plaintiff's
> desire to enforce its copyright in what it asserts is a cost-effective
> manner does not justify perverting the joinder rules to first create
> the management and logistical problems discussed above and then
> to offer to settle with Doe defendants so they can avoid digging
> themselves out of the morass plaintiff is creating.

## ARGUMENTS

1. **Plaintiff Has Improperly Joined 1,474 Individual Defendants Based on Entirely**

   **Disparate Alleged Acts**

2. **Plaintiff Has Not Done Significant Investigative Effort to Justify Granting a**

**Subpoena For Subscriber Information From the Internet Service Provider**

**3. Improper Joinder Has Resulted in Improper Venue and Lacks Efficiency**

**4. Innocence**

1.      Plaintiff's joinder of 1,474 defendants in this single action is improper and runs

the tremendous risk of creating unfairness and denying individual justice to those sued.

Mass joinder of individuals has been disapproved by Federal courts in both the RIAA

cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose
> Internet access was abused by her minor child, while John Doe 2 might
> share a computer with a roommate who infringed Plaintiffs' works. John
> Does 3 through 203 could be thieves, just as Plaintiffs believe,
> inexcusably pilfering Plaintiffs' property and depriving them, and their
> artists, of the royalties they are rightly owed. . . .Wholesale litigation of
> these claims is inappropriate, at least with respect to a vast majority (if not
> all) of Defendants.
> *BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1
> (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims

against them must arise from a single transaction or a series of closely related

transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (a) any
> right to relief is asserted against them jointly, severally or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (b) any
> question of law or fact common to all defendants will arise in the
> action.
> Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions

are met: (1) the right to relief must be "asserted against them jointly, severally or in the

alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series

of transactions or occurrences"; **and** (3) there must be a common question of fact or law

common to all the defendants. *Id.* Hence, Judge Zimmerman ruled in *On The Cheap,*

*LLC. v. Does 1-5011 case 10-cv-04472*:

> FRCP 20 (a) (2) allows a plaintiff to join multiple defendants in
> one action if...[PRCP 20 is stated]. Even if these conditions are
> met, joinder is not mandatory and the Court may order separate
> trials to protect any party from embarrassment, delay, expense, or
> other prejudice. FRCP 20 (b). The Court is permitted to sever
> improperly joined parties at any time, as long as the severance is
> on just terms and the entire action is not dismissed outright. FRCP
> 21. A decision to sever may be made on a Court's own motion or
> a party's motion. Id.

Then, Judge Zimmerman continues with:

> Many courts, including several from this district, have already
> addressed how the joinder rules apply to lawsuits against Doe
> Defendants who are alleged to have acted in concert by using
> BitTorrent or other similar peer-to-peer (P2P) software to infringe
> copyright laws. Most recent decisions on this issue have
> concluded that the use of the BitTorrent protocol does not
> distinguish these cases from earlier rulings in P2P cases in which
> courts found that joining multiple Doe defendants was improper
> since downloading the same file did not mean that each of the
> defendants were engaged in the same transaction or occurrence...
> I agree with the views expressed by these courts and find that
> plaintiff has not established that joinder would be proper under
> FRCP 20 (a) (2) merely because defendants used BitTorrent to
> download the same film.

Federal courts have rejected joinder across the nation based on separate but

similar behavior by individuals allegedly using the Internet to commit copyright

infringement across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-

298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of

lawsuit against thirty-eight defendants where each defendant used the same ISP as well as

some of the same peer-to-peer ("P2P") networks to commit the exact same violation of

the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper

joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, unrelated defendants committed it at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[3]

2.  Plaintiff claims all of the defendants are properly joined because they illegally downloaded/shared the film (*Big Bang Theory: A XXX Parody*) via BitTorrent. Plaintiff provided the Court Exhibit 1 showing the IP addresses of the defendants and a "Timestamp" of the specific time it was observed illegally downloading/sharing the film. Exhibit 1 shows the entire timeframe of the activity, but not which IP addresses acted in concert with each other. The nature of BitTorrent does not support Plaintiff's claim that all John Does' IP addresses acted together for the entire period.

The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how

---

[3] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity

of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses

commonly join and leave various BitTorrent swarms at all times during the life of the

torrent. Plaintiff collected the data on all John Doe IP addresses (Exhibit 1) and can

verify the nature of BitTorrent, as well as provide details on who (if any) of the John

Does IP addresses in this case truly shared the work between the other John Does IP

addresses in this case.

Discussions of the technical details of the BitTorrent protocol aside, the individual

Defendants still have no knowledge of each other, nor do they control how the protocol

works, and Plaintiff has made no allegation that any copy of the work they downloaded

came jointly from any of the Doe defendants. Joining unrelated defendants in one

lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the

separate filing fees required for individual cases and by enabling its counsel to avoid

travel, but that does not mean these well-established joinder principles need not be

followed here.

3.        In addition to the improper joinder, Plaintiff claims that joining 1,474 defendants

will be more effective for all defendants, but how can that be case for others and myself

that reside in a Federal court district other than the United States District Court, Northern

District of California? As stated above, by Judge Zimmerman's ruling in *On The Cheap,*

*LLC. v. Does 1-5011 case 10-cv-04472*, "FRCP 20 (a) (2)... joinder is not mandatory and

the Court may order separate trials to protect any party from embarrassment, delay,

expense, or other prejudice." Thus, allowing other and myself that reside in districts

other than California's Northern District saves us from very unnecessary delays and

expenses associated with having to travel to this specific Court if need be. This case

clearly violates the "principles of fundamental fairness" and it is prejudicial to all 1,474

defendants. *Id*.

Also, Judge Zimmerman states, "Because the large number of defendants with

individual issues will create 'scores of mini-trials involving different evidence and

testimony' and complicate the issue for all those involved, it is more efficient to proceed

with separate cases where there will be separate proceedings, including separate motion

hearings and ADR efforts" (*On The Cheap, LLC. v. Does 1-5011 case 10-cv-04472*). The

Judge continues with, "No courtroom in this building can hold over 200, let alone 5000.

Nor did plaintiff explain how discovery or trial will proceed with so many different

parties" (*Id.*). Henceforth, it not only becomes impractical but it also becomes inefficient

joining 1,474 Does in one case because the Court will surely struggle managing all the

Does.

4.       Fourthly, I, the Doe whose information is sought after by New Sensations, Inc.,

am innocent of having infringed on the copyright as claimed by New Sensations, Inc.


**CONCLUSION**

The improper joinder of 1,474 Doe defendants into this one lawsuit raises serious

questions of individual fairness and individual justice. As noted by previous courts, the use of

these cases (and the courts) as a means of obtaining subpoenas to issue settlement letters is well

documented ("Fishing Expeditions"). Even when John Doe defendants choose not to settle, the

plaintiffs in these cases ultimately fail to name defendants and start further court actions. Many

of these types of cases are kept open for as long as possible so the plaintiffs can obtain as much

settlement money as possible, before they voluntarily dismiss the case and move onto a new one. There is a well documents history of these types of cases in the Northern Districts of Illinois and California. As a matter of fact, Plaintiff's counsel Ira M. Siegel was the counsel for the On The Cheap, LLC in case *On The Cheap, LLC. v. Does 1-5011 case 10-cv-04472* where Judge Zimmerman stated that, "Instead, plaintiff appears to have used the information from the subpoena for a different purpose: to extract settlements from out-of-state defendants by notifying them that they have been sued in California, knowing that it is highly unlikely that many of them will be amenable to suit in California."

As noted previously Plaintiff's records do not show how any of the IP addresses they identified interacted with each other (sharing the file in question). The court should also note the very cursory effort Plaintiff has taken to identify the true copyright infringers. As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible. The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access. There are multiple possibilities as to why the defendant did not infringe against Plaintiff's copyright. Possible reasons are: computer/network was "hacked" by unauthorized personnel; home Wi-Fi connection run "Open" and used by unauthorized personnel (neighbor, etc.); guest at the defendant's residence used the network and defendant was not aware of the activity. Without additional investigative steps, innocent people will be implicated in infringement activity and pressured to pay a settlement amount to make the threat of a federal lawsuit go away.

As Plaintiff does not intend to conduct further investigative effort and only wishes to send out settlement letters to defendants, I respectfully quest the Court dismiss the subpoena requiring the ISP provide the subscriber information on all John Doe defendants. In addition, I

respectfully request the court sever Doe defendants 2-1,474 from this case, as there is no

evidence to show that all the Doe defendants acted together are thus they are incorrectly joined

together. *See* Fed. R. Civ. P. 21.

Dated: 10/22/2011                        Respectfully submitted,

                                         John Doe
                                         _____
                                         John Doe
                                         *Pro se*

CERTIFICATE OF SERVICE

   I hereby certify that on 10/24/2011, I sent a copy of the foregoing document, via US Mail, to:

> Law Offices of Ira M. Siegel
> 433 N. Camden Drive, Suite 970
> Beverly Hills, CA 90210-4426

Dated: 10/24/2011        Respectfully submitted,

*John Doe*

John Doe
*Pro se*