Doe 173
c/o Benjamin R. Idziak[1]
2905 Corporate Circle
Flower Mound, TX 75028
Tel.: (469) 635-8218

*Pro Se Defendant*



UNITED STATES DISTRICT COURT
Northern District of California
San Francisco Division

| | | |
|---|---|---|
| NEW SENSATIONS, INC. | § § | |
| Plaintiff, | § § | |
| v. | § | No. C 11-2770 MEJ |
| DOES 1-1,474 | § § § | |
| Defendants | § § | |

### DEFENDANT DOE 173'S MOTION TO MAKE AN ANONYMOUS SPECIAL APPEARANCE, TO QUASH THE SUBPOENA, AND TO DISMIS FOR MISJOINDER AND/OR LACK OF PERSONAL JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant, Doe 173 ("Defendant Doe 173"), and files this his Motion to make an anonymous special appearance, to quash September 26, 2011 subpoena served by Plaintiff on Verizon Internet Services, Defendant Doe 173's Internet Service Provider ("ISP"), and to ask this Court to dismiss this action against me as Defendant Doe 173 on the grounds of misjoinder and lack of personal jurisdiction.

### I.
### Procedural Background

On June 7, 2011, Plaintiff filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's

---

[1] I am using the mailing address of a third party, with his permission, to maintain my anonymity and facilitate communications with this Court.

exclusive license, titled *"Big Bang Theory: A XXX Parody"*, using an Internet peer-to peer ("P2P") file sharing network known as BitTorrent. Plaintiff alleges that these acts violated the Copyright Act, 17 U.S.C. §101-1322. On September 22, 2011, this Court permitted Plaintiff to serve subpoenas on the ISPs for the Does 1-1,474 pursuant to Rule 45 of Federal Rule of Civil Procedure seeking information sufficient to identify the subscribers of the Internet services through which Plaintiff alleges that Does 1-1,474 violated Plaintiff's alleged copyright. Given that the subscriber may not be the person who participated in the file sharing network or downloaded the alleged copyrighted work, the identity of the subscriber is insufficient evidence that the subscriber violated Plaintiff's copyright, but will permit Plaintiff the opportunity to pressure a defendant as myself into paying a settlement to maintain my privacy and avoid the costs and time of defense.

On or about September 26, 2011, Plaintiff issued a subpoena to Verizon Internet Services requesting "documents sufficient to identify the names, addresses, telephone numbers and email addresses" of the certain subscribers. By Notice dated October 31, 2011, Verizon Internet Services notified me of the receipt of the subpoena advising me that it would provide Plaintiff with the requested information unless I filed a Motion to Quash the Subpoena within 30 days of the date of the Notice. A copy of the Notice from Verizon Internet Services with my identity redacted is attached as Exhibit "A".

## II.
## ANONYMOUS SPECIAL APPEARANCE

I respectfully request that this Court allow me to file this Motion anonymously in the interest of fair play and substantial justice. To require me to identity myself in order to quash the subpoena for my identity is to render my right to contest the subpoena as

worthless. My privacy has significant value to me and should not be breached where Plaintiff has no evidence that I personally participated in the violation of Plaintiff's copyright.

Furthermore, as this Court is probably aware, Plaintiff and its counsel, Ira Siegel, Esq., have chosen to sue hundreds of people that they know are residents of states other than California.[2] When faced with a subpoena, as presented here, the alleged defendants such as myself are faced with the dilemma of inaction and possible default judgment, retaining counsel at significant cost or appearing *pro se* as I am doing here. Plaintiff relies on the resulting hardship and unfairness to force settlements from such defendants regardless of the merits of its case or the defenses of the defendants.

### III.
### PLAINTIFF HAS NOT SHOWN THAT THIS COURT HAS PERSONAL JURISDICTION OVER DOE 173

I am a resident of the State of Texas and have been so for several years. I own no assets and conduct no business in the State of California. Verizon Internet Services, my ISP, is located in the State of Texas.

The subject subpoena should be quashed, and this lawsuit suit against me should be dismissed because there is an insufficient relationship between Plaintiff's claims and any alleged contacts by me with California to justify personal jurisdiction over me. Absent minimum contacts by me with the forum, the continuation of this suit against me does not comply with the traditional notions of fair play and substantial justice. I do not reside, work or conduct business in California. The IP address and the location of the ISP

---

[2] In the last year it appears that Ira Siegel, Esq. as counsel for Plaintiff and several other alleged copyright owners has filed 14 similar lawsuits in the U. S. District Court for the Northern District of California against approximately 41,106 Doe defendants, using the same forms of complaint and affidavit of Jon Nicolini to obtain permission to serve subpoenas on the ISPs of the unknown Doe defendants.

are not in the jurisdiction of this Court. I have no business interest or real property interest in California. Therefore, I respectfully request that this Court dismiss this lawsuit against me as Doe 173 on the ground that there is a lack of personal jurisdiction over me.

## IV.
## PLAINTIFF HAS IMPROPERLY JOINED HUNDREDS OF INDIVIDUALS ON DISPARATE ACTS

Although I am aware that Chief United States Magistrate Judge Maria-Elena James of this Court in her September 22, 2011 Amended Order considered the issue of joinder of 1,474 defendants in granting Plaintiff's Application for the Subject Subpoena, Judge James did provide that ". . .Defendants may be able to demonstrate prejudice once Plaintiff proceeds. . ." and that ". . .questions of joinder and severance must be deferred until after discovery has been authorized and motions to quash filed." I specifically call this Court's attention to the decision of United States Magistrate Judge Paul S. Grewal of this Judicial District in <u>Diabolic Video Productions, Inc. v. Does 1-2099</u>, Case No. 5:10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011) and adopted by United States District Judge Edward J. Davila of this Judicial District in <u>Third Degree Films v. Does 1-2010</u>, Case No. 5:10-CV-05862-EJD (N.D. Cal. Nov. 10, 2011). Copies of these decisions are attached as Exhibits "B" and "C". I can categorically state that I did not download or authorize any other person to download the BitTorrent protocol to any computer owned by me or to download or distribute the film, "*Big Bang Theory: A XXX Parody*" using any computer owned by me.

## V.
## CONCLUSION

For the reasons and arguments stated above, I, as Defendant Doe 173, request that I be permitted to appear anonymously; that Plaintiff's September 26, 2011 Subpoena to

Verizon Internet Services be quashed; and that Plaintiff's Complaint against me as Defendant Doe 173 be severed and dismissed.

Respectfully submitted,

__DOE 173__

Doe 173, *pro se*
c/o Benjamin R. Idziak
2905 Corporate Circle
Flower Mound, TX 75028

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing document was served upon the parties set forth below via certified mail, return receipt requested and facsimile transmission on this the __11__ day of November, 2011.

__DOE 173__

Doe 173, *pro se*

Ira M. Siegel, Esq.
Law Offices of Ira M. Siegel
433 N. Camden Dr., Suite 970
Beverly Hills, CA 90210
FAX: (310) 657-2187

Verizon Legal Compliance
Custodian of Records
P. O, Box 1001
San Angelo, TX 76902
FAX: (325) 949-6912

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA
## SEEKING DISCLOSURE OF YOUR IDENTITY

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Central District of California.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does." The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking information and please find the IP address at the end of this letter that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

**INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED.
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.**

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit



EXHIBIT "A"

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time.
The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Fax Number: 325-949-6916


Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion.
If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at 888-406-1004, by email at subpoena@irasiegellaw.com.

But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.



173.64.192.158        3/26/2011 11:24:49 PM        GMT

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | | |
|---|---|---|
| New Sensations, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-11-2770-MEJ |
| | ) | |
| DOES 1-1474 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Verizon Internet Services (hereinafter "ISP"), Legal Compliance
P.O. Box 1001, TXD01613, San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Law Offices of Ira M. Siegel c/o BRS<br>400 East Royal Lane, Building Three, Suite 290<br>Irving, TX 75039 | Date and Time:<br>November 30, 2011 at 9:00 a.m. * |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

\* Compliance with this subpoena may be a multi-step process pursuant to the Order attached (Attachment B). At least the first step should be completed by October 21, 2011, with all steps completed by the date set forth under "Date and Time" above: November 30, 2011. (See paragraphs 4 and 5 of the Order.)

Date: September 26, 2011

CLERK OF COURT         OR         *Ira M. Siegel*

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* New Sensations, Inc. , who issues or requests this subpoena, are:

Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, Email: subpoena@irasiegellaw.com, Telephone: 888-406-1004

Case5:10-cv-05865-PSG Document16 Filed05/31/11 Page1 of 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIABOLIC VIDEO PRODUCTIONS, INC., | Case No.: 10-CV-5865-PSG |
| Plaintiff, | AMENDED ORDER GRANTING-IN-PART MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE |
| v. | |
| DOES 1-2099, | |
| Defendants. | (Re: Docket No. 8) |

On December 23, 2010, Plaintiff Diabolic Video Productions, Inc. ("Diabolic") filed this lawsuit for copyright infringement against 2,099 separate "Doe" Defendants. Ordinarily, Fed. R. Civ. P. 26(d)(1) precludes discovery before the conference required under the Fed. R. Civ. P. 26(f). Pursuant to the court's scheduling order, the parties were to have met as required by Fed. R. Civ. P. 26(f) no later than March 1, 2011. That meeting has not taken place, and Diabolic now moves for leave to take discovery in advance of the meeting required by Fed. R. Civ. P. 26(f). Diabolic specifically seeks leave to serve subpoenas on several enumerated ISPs to obtain the true identities of Doe Defendants for purpose of service in accordance with Fed. R. Civ. P. 4.

"[I]n rare cases, courts have made exceptions, permitting limited discovery to ensue after the filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."[1] After a careful review of the record and precedent in this Circuit,

---

[1] *Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

Case No.: 10-5865
ORDER



- 1 -

EXHIBIT B

1  District and elsewhere, this court finds only a limited basis for the exceptional relief Diabolic
2  seeks. Diabolic's motion therefore is GRANTED, but only IN PART, for the reasons explained
3  below.

4  The court further orders that Does 2 through 2,099 are SEVERED from this action, and the
5  claims against Does 2 through 2,099 are ordered reassigned, as explained below.

## I. BACKGROUND

Diabolic alleges it is a motion production company whose copyright titles include "Tampa Swingers Party," a work registered in United States Copyright Office under Registration Number PAU 3-472-891. Diabolic alleges that its copyrights are being infringed in the same manner by each of the 2,099 unnamed defendants. According to Diabolic, each of the defendants are illegally downloading and distributing the films using an online media distribution network often referred to as a "peer-to-peer" or "P2P" network.

Diabolic's complaint does not identify any particular file-sharing protocol used by the alleged network. But in a declaration submitted by Jon Nicolini in support of Diabolic's motion, Mr. Nicolini references the well-known protocol "BitTorrent." The BitTorrent protocol is a decentralized method of distributing data. Since its release approximately 10 years ago, BitTorrent has allowed users to share files anonymously with other users. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data amount themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client,

which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects form the swarm or the BitTorrent client otherwise does the same.

According to Diabolic, efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. To overcome these obstacles, Diabolic contracted with the anti-piracy firm Copyright Enforcement Group, LLC ("CEG"), who are able to use proprietary technology to identify the particular BitTorrent users sharing their copyrighted works. What CEG specifically provides as its service are the alleged infringers' Internet Protocol ("IP") addresses together with the date and time the alleged infringement took place. While these IP addresses provide a form of identification, "[t]raditionally, the default requirement in federal court is that the plaintiff must be able to identify the defendant sufficiently that a summons can be served on the defendant. This requires that the plaintiff be able to ascertain the defendant's name and address."[2]

Because an IP address by itself is insufficient to perform this task, Diabolic seeks leave to subpoena various Internet Service Providers ("ISP") associated with the IP addresses CEG has secured. The proposed subpoena would compel production of the names, addresses, email addresses, phone numbers, and Media Access Control numbers associated with each IP address alleged to be linked to infringing activity.

---

[2] *Columbia Ins. Co.*, 185 F.R.D. at 577 (citing Fed. R. Civ. P. 4).

3

Case No.: 10-5865
ORDER

## II. DISCUSSION

In the Ninth Circuit, exceptions to the general rule against expedited discovery are disfavored.[3] But a district court always has jurisdiction to determine facts relevant to whether or not it has personal jurisdiction.[4] As a result, "where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear" that one of two conditions applies.[5] The first is where discovery would not uncover the identities sought.[6] The second is where the claim against the defendant could be dismissed.[7] These conditions are imposed because, as Judge Jensen observed over a decade ago, "[p]eople who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identity."[8]

As to the first *Gillespie* condition, whether or not the individuals identified are ultimately liable under Diabolic's theory of infringement, the court is satisfied that the discovery sought here would uncover the identities that Diabolic seeks. The Nicolini Declaration explains that CEG has previously sent notices authorized under the Digital Millenium Copyright Act to each ISP. Each notice included the identity of an accused file and the IP address of the computer having that file

---

[3] *See Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Gomez v. Serv. Employees Int'l Local 87*, No. C 10-01888 RS, 2010 WL 4704407, at *3 (N.D. Cal. Nov. 12, 2010).

[4] *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

[5] *Gillespie*, 629 F.2d at 642; *see also Columbia Ins. Co.*, 185 F.R.D. at 573 ("With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from [ISP] to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum in which they may seek redress for grievances.").

[6] *See Gillespie*, 629 F.2d at 642.

[7] *See id.* at 642.

[8] *Columbia Ins. Co.*, 185 F.R.D. at 578.

4

Case No.: 10-5865
ORDER

available for download along with the timestamp associated with it. In the notice, CEG included its contact information and requested that the ISP forward the notice to the ISP's subscriber associated with the IP address. The IP addresses included in Diabolic's proposed subpoenas are those for whom CEG has received no response or settlement agreement. While other courts have rightly noted that the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best,[9] this imperfection does not make it "clear," as our Circuit requires,[10] that the discovery sought would fail in uncovering the identity of individuals responsible for that activity.

The court is not satisfied, however, as to the second *Gillepsie* condition, because as to all but a single Doe, Diabolic's complaint would, and should, be dismissed for misjoinder. While "joinder of claims, parties and remedy is strongly encouraged,"[11] Fed. R. Civ. P. 20 sets forth specific standards for permissive joinder. Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from a single transaction or a series of closely related transactions. If misjoinder is apparent, Fed. R. Civ. P. 21 is clear that misjoinder "is not a ground for dismissing an action." But while an action may not dismissed for misjoinder, a court may on just terms drop a party at any time.[12] Indeed, this court has long dismissed parties based on misjoinder,[13] and continues to do so up to the present day, absent some prejudice to the plaintiff such as the running of the statute of limitations.[14]

---

[9] *See VPR Internationale v. Does 1-1017*, Case 2:11-cv-02068-HAB-DGB (C.D. Ill. Apr. 29, 2011), Docket No. 15 at 2.

[10] *Gillespie*, 629 F.2d at 642.

[11] *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

[12] *See* Fed. R. Civ. P. 21.

[13] *See United States ex rel. North Santiam Watershed Council v. Kinross Gold USA, Inc.*, No. C 96-3673 THE, 1998 WL 118176, at *2 (N.D. Cal. Mar. 9, 1998).

[14] *See, e.g. IO Group, Inc. v. Does 1-19*, No. C. 10-03851 SI, 2010 WL 5071605, at * 3-4 (N.D. Cal. Dec. 7, 2010), *IO Group, Inc. v. Does 1-435*, No. C. 10-04382 SI, 2011 WL 1219290, at * 2 (N.D. Cal. Jan. 10, 2011).

Here, the complaint alleges that 2,099 different defendants reproduced its copyrighted film on at least forty-nine different days. The complaint further alleges that all 2,099 defendants have acted in cooperation with one another "by agreeing to provide, and actually providing, on a P2P network, an infringing reproduction of at least substantial portions of Diabolic's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works."[15] Citing Mr. Nicolini's identification of a common hash, or alphanumeric representation, among all Defendants' content files, Diabolic contends that Defendants joined in a common "swarm," or upload and download of the copyrighted work, that qualifies as the single transaction or series of closely-related transactions recognized under Rule 20. This court and others, however, have repeatedly held that the mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20.[16] Apart from its lone allegation that Defendants all used the same P2P network to reproduce and distribute Diabolic's copyrighted work, Diabolic offers no allegations whatsoever to support its theory of a single or closely-related transactional theory.

To be fair, other courts have deferred the question of joinder and severance until after discovery has been authorized and a motion to quash filed.[17] But in each of these cases, the court

---

[15] 12/23/10 Compl. (Docket No. 1) ¶ 11.

[16] *See, e.g., BMG Music v. Does,* No. C 06-01579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. Jul. 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times); *Twentieth Century Fox Film Corp. v. Does* 1-12, No. C 04-04862, Docket No. 12 (N.D. Cal. Nov. 16, 2004) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings); *Laface Records, LLC v. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement); *Interscope Records v. Does 1-25,* 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (recommending *sua sponte* severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and P2P network to conduct copyright infringement); *see also; cf. In the Matter of DIRECTV, INC.* 2004 U.S. Dist. LEXIS 24263, No. C 02-5912 (N.D. Cal. Jul. 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view plaintiff's programming without authorization).

[17] *See, e.g. Call of the Wild Movie, LLC v. Does 1-1.062,* Civ. Action Nos. 10-455 (BAH), 10-569 (BAH), 10-1520 (BAH), 2011 WL 996786, at *3 (D.D.C. Mar. 22, 2011) (collecting cases).

appears to have accepted the argument that a file-sharing protocol like BitTorrent "makes every downloader also an uploader of the illegally transferred file(s)."[18] But neither this case law, nor Diabolic, explains how or why the technical architecture of BitTorrent is any different from those of the file-sharing protocols considered in *Leface Records, LLC*,[19] *Interscope Records*,[20] *BMG Music*,[21] or *Twentieth Century Fox Film Corp*.[22] In each of those cases, the peer-to-peer nature of the protocol was insufficient to justify joinder of dozens of otherwise unrelated defendants in a single action. Here, Diabolic proposes to join not merely dozens, but thousands, of defendants in a single action. While the court is limited in its technical understanding by the *ex parte* nature of Diabolic's motion, it can take notice of the fact that the protocols at issues in those earlier cases, like the BitTorrent protocol here, were of precisely the same peer-to-peer architecture. Diabolic's motion therefore is GRANTED, but only as to Doe 1 and as follows.

IT IS HEREBY ORDERED that Diabolic is allowed to serve immediate discovery on Doe 1's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. Diabolic's counsel shall issue its subpoena in substantially the same form as the example attached as Exhibit 1 to Diabolic's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, and shall include a copy of this order.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including

---

[18] *Id.* at *5.

[19] No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008).

[20] No. 6:04-CV-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004).

[21] No. 06-01579, 2006 U.S. Dist. LEXIS 53237, (Patel, J.) (N.D. Cal. July 31, 2006).

[22] No. C 04-04862, Docket No. 12 (N.D. Cal. Nov.16, 2004).

a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Diabolic the information responsive to the subpoena with respect to Doe 1.

IT IS FURTHER ORDERED that the ISP shall not assess any charge to Diabolic in advance of providing the information requested in the subpoena, and that the ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Diabolic or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

IT IS FURTHER ORDERED that any information disclosed to Diabolic in response to a subpoena may be used by Diabolic solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

IT IS FURTHER ORDERED that Does 2 through 2099 are SEVERED from this action and that the claims against Does 2 through 2,099 be reassigned to an Article III judge. In view of the misjoinder described above, the undersigned respectfully recommends that the claims against Does 2 through 2,099 be dismissed without prejudice. The undersigned further recommends that if Diabolic can refile separate complaints against Does 2 through 2,099 within 20 days of this order, such actions should be deemed a continuation of the original action for purposes of the statute of limitations.[23]

**IT IS SO ORDERED.**

Dated: May 31, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[23] This court is ordering reassignment to an Article III judge because, absent the consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988).

8

Case No.: 10-5865
ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THIRD DEGREE FILMS,<br><br>Plaintiff,<br>v.<br><br>DOES 1–2010,<br><br>Defendants. | CASE NO. 5:10-CV-05862-EJD<br><br>**ORDER DISMISSING DOES 2–2010 WITHOUT PREJUDICE** |

Plaintiff's counsel has filed a number of identical complaints for copyright infringement in this district, each naming more than one thousand Doe defendants. In particular, the complaint in this case is materially identical to the complaint in case no. 5:10-CV-5865-PSG. With respect to issues of joinder, the reasoning of the court in that case is adopted as if set forth fully herein. See Diabolic Video Productions, Inc. v. Does 1–2099, Case No. 5:10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011).

Accordingly, IT IS HEREBY ORDERED that Defendants Does 2–2010 are dropped from the action without prejudice pursuant to Fed. R. Civ. P. 21.

IT IS FURTHER ORDERED that Plaintiff shall send a copy of this order by first class mail within seven (7) days of today's date to every potential defendant to whom Plaintiff has sent any previous mailing that referenced the instant action.

/

/

1

CASE NO. 5:10-CV-05862-EJD
ORDER DISMISSING DOES 2–2010 WITHOUT PREJUDICE



EXHIBIT "C"

1   In light of the dismissal of Does 2–2010, IT IS FURTHER ORDERED that the motion (ECF
2   No. 52) filed by Defendant Christa Branin, named as Doe 132, is TERMINATED AS MOOT.
3   **IT IS SO ORDERED.**

5   Dated: November 10, 2011

                                                    EDWARD J. DAVILA
                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THIRD DEGREE FILMS,<br><br>Plaintiff,<br>v.<br><br>DOES 1-2010,<br><br>Defendants. | CASE NO. 5:10-CV-05862-EJD<br><br>**ORDER DISMISSING DOES 2–2010 WITHOUT PREJUDICE** |

Plaintiff's counsel has filed a number of identical complaints for copyright infringement in this district, each naming more than one thousand Doe defendants. In particular, the complaint in this case is materially identical to the complaint in case no. 5:10-CV-5865-PSG. With respect to issues of joinder, the reasoning of the court in that case is adopted as if set forth fully herein. See Diabolic Video Productions, Inc. v. Does 1–2099, Case No. 5:10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011).

Accordingly, IT IS HEREBY ORDERED that Defendants Does 2–2010 are dropped from the action without prejudice pursuant to Fed. R. Civ. P. 21.

IT IS FURTHER ORDERED that Plaintiff shall send a copy of this order by first class mail within seven (7) days of today's date to every potential defendant to whom Plaintiff has sent any previous mailing that referenced the instant action.

/
/

1
CASE NO. 5:10-CV-05862-EJD
ORDER DISMISSING DOES 2–2010 WITHOUT PREJUDICE

1     In light of the dismissal of Does 2–2010, IT IS FURTHER ORDERED that the motion (ECF
2 No. 52) filed by Defendant Christa Branin, named as Doe 132, is TERMINATED AS MOOT.
3 **IT IS SO ORDERED.**

5 Dated: November 10, 2011

                                         EDWARD J. DAVILA
                                         United States District Judge

United States District Court
For the Northern District of California

CASE NO. 5:10-CV-05862-EJD
ORDER DISMISSING DOES 2–2010 WITHOUT PREJUDICE