<div style="margin-left: 2em; font-weight: bold;">UNITED STATES DISTRICT COURT<br>For the Northern District of California</div>

# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| NEW SENSATIONS, INC., | No. C 11-2770 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH** |
| v. | |
| DOES 1-1,474, | **Docket No. 44** |
| Defendants. | |
| _____/ | |

    On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 13. The Court permitted Plaintiff to serve subpoenas on Does 1-1,474's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-1,474. *Id.* at 11. Once the ISPs provided Does 1-1,474 with a copy of the subpoena, the Court permitted Does 1-1,474 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or

modify the subpoena). *Id.*

Now before the Court is a Motion to Quash, filed by Doe Defendant 1039 requesting that he be allowed to contest the subpoena without revealing his personal identifying information.[1] Dkt. No. 44. In his motion, Doe 1039 argues that the motion should be quashed because the Court lacks jurisdiction over him. However, any motion to dismiss based on jurisdictional grounds is premature. *See, e.g., New Sensations, Inc. v. Does 1-1,745*, 2011 WL 2837610, at *1 (N.D. Cal. Jul. 18, 2011); *Call of the Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). Rule 12(b)(2) permits defendants to move to dismiss for lack of personal jurisdiction. Although Doe Defendant 1039 moves the Court to dismiss the action against him for lack of personal jurisdiction, he is not yet a defendant. If and when Plaintiff names him as a defendant, he will be able to raise this defense. Once Plaintiff amasses enough evidence and names the Does, it will then have the burden to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, the Doe Defendant may present his affidavit asserting that he has never engaged in business with Plaintiff and that his activities with the forum state do not meet the

---

[1] Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on the Defendant's motion(s) to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s).

requisite minimum contacts to establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full record. At this time, however, without any named defendants, the motion is not yet ripe. The motion is DENIED WITHOUT PREJUDICE and may be brought again once Plaintiff names Doe Defendant 1039 as a defendant or when the Doe Defendant has identified himself.

**IT IS SO ORDERED.**

Dated: November 16, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

3