November 11, 2011

To the Honorable Chief Magistrate Judge Maria-Elena James

RE: Case No. 11-cv-02770-MEJ "New Sensations, Inc. v. Does 1-1474"

It is respectfully requested that this Court quash the subpoena in the above case which requests the personal information of IP address (Internet Service) subscribers, when the IP address matched an alleged act of copyright infringement.

The basic premise of this letter is that it is not accurate to target the single person who pays the bill for Internet service at a given address, when this service is open and available to any number of people who use Internet from that address. It is not in the interest of justice to falsely identify potential defendants. The District Judge in a recent District Court case in April 2011 (see reference below) concluded that an IP address does not equal a person; in other words, that the person paying for the household internet connection (the subscriber) is not responsible for all uses of the subscription (IP address) for various activities on the Internet. There is no US law that stipulates that a subscriber can be held accountable for activity on the connection she is paying for.

Please note that I have no training in law, so I ask understanding if this letter does not conform to usual legal convention, although I have tried to follow convention as best I can.

Points will be established that show that this subpoena for personal information should be denied :

1) The requirement that the plaintiff can identify the defendant with sufficient specificity <u>is not fulfilled</u>.
2) The requirement that the plaintiff has a reasonable likelihood to identify the defendants <u>is not fulfilled</u>.
3) <u>There is legal precedent at the District Court level</u> in a very similar case, <u>in which the judge denied</u> the right to subpoena ISPs for personal information of subscribers of internet services (IP address.)
    - United States District Court of Illinois, District Judge Harold Baker
    - Case is VPR Internationale v. Does 1-1017
    - **Case No. 2:11-cv-02068-HAB-DGB, D.C. Illinois, April 29, 2011**


Attachment B, page 2, lines 20-24. "In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court..." Using forensic

software, CEG is described as having identified IP addresses involved in the alleged copyright infringement, but this is not equivalent to identifying individual computers or their users/owners.

**There is no reasonable likelihood of being able to identify defendants.**

Plaintiff claim is false on page 3, lines 10-11 "Plaintiff explains that Defendants gained access to the Internet only by setting up an account through various ISPs." This is false since one can gain access through any of many IP wireless networks, and conversely, many different users can connect through one since IP wireless network. An IP address on the Internet does not identify a computer, only an Internet connection point. **Thus there is no specific link between the subscriber who set up the account, and the users of the account, including the alleged defendant**. US law does not hold the subscriber responsible for use of her network. This includes wireless networks at private homes, as well as free or paid internet offered through many hotels, bookstores, coffee shops, and airports (Seattle airport has free open wireless, all of which's users have the same IP address on the Internet, for example.)

It is thus not true that an internet user must set up an account through an ISP. He or she only needs to be connected to a pre-existing IP address through a wireless connection point. Every Internet IP address can support dozens or more individual computers and users at the same time (such as in a hotel, or home wireless network), all connecting through the same identifiable IP address. IP address is not specific to any one computer, and is frequently used by multiple computers at the same time. It is commonly known as a "public IP address," since it is a shared address used by any user accessing the internet from that network, and it is the IP address that identifies the network to the Internet public. A simple a comparison would be public IP addresses (CEG collected these) as the street address for a building, but without providing a room number within the building, and not identifying an individual. **Thus there is a failure to "identify the missing party with sufficient specificity,"** the first factor courts consider in granting expedited discovery.

**Precedent:**

**In the United States District Court of Illinois, District Judge Harold Baker denied the motion for expedited discovery in a case very similar to this Case 3:11-cv-02770-MEJ. In April 2011 in the case VPR Internationale v. Does 1-1017 (Case No. 2:11-cv-02068-HAB-DGB, D.C. Illinois, April 29, 2011), he found that using an IP address to attempt to indentify an infringer could easily result in targeting the wrong people, stating that "the infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."**

Further incorrect information is found quoted by the court, referred to as paragraphs 18 through 20 of Mr. Nicolini's Declaration. On court document 13, attachment B, page 4, lines 1-3, the statement "when CEG finds such a computer" **is false, as CEG is only able to indentify an Internet IP address, not an individual computer** on that network is using that IP address. On the same page 4, lines 2-3, "...the IP

address assigned to the infringer's computer..." As explained above, Internet IP addresses are not assigned to individual computer – IP addresses are only a connection point to the internet, a roadway used by computers so to speak. It is not possible to identify an individual computer by an internet public IP address (such as that collected by CEG), as this represents only a connection point to the internet, and not an individual computer or user. Usually an Internet IP address is managed by a wireless router, to which many computers can connect at the same time, all using the public IP address.

Another incorrect assumption is made on page 6, lines 9-13: "The key to locating Defendants is through the IP address associated with the alleged activity." The argument again rests upon the assumption that the collected IP address is assigned only to the computer of the infringer, and not to any other computers. It is a false assumption that the subscriber of the Internet connection is the only user, and thus can be held responsible for activities passing through his network. As mentioned above, many computers on the same wireless network use the same IP address (in a home situation, this would include any household member, visitor, neighboring home within wireless signal range, passing motorist who stops in front of the house in wireless signal range)(other examples are hotels, coffee shops, bookstores, university libraries, public airports. )

On a personal note, perhaps I should be more careful with leaving my home wireless connection open without a password, which is very convenient for visiting friends and family with their iPhone, iPad, netbook or laptop, since anyone within the range of my network can access it. It seems everyone expects to be able to be online when they come visit. Currently there is no legal requirement to restrict access to my network, and until this time I didn't see a reason to inconvenience myself and visitors, but I think I will start now given this troubling situation.

Thank you for your kind consideration. Doe.

I would prefer to retain the status of "Doe" for this motion, since I have not been named as an individual defendant, but rather a subject of a subpoena. However, if an individually signed letter is required by the court for consideration of this motion, please email me at subpoenaresponse@gmail.com and I will be happy to comply. Thank you