Jerome Pandell (State Bar # 260481)
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: consult@gamallp.com

Christina M. Gagnier (State Bar #264578)
*Seeking Admission to the Northern District of California*
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: gagnier@gamallp.com

Attorneys for Putative Defendant Doe 305 (IP Address: 207.68.252.6)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC., | Case No. 3:11-CV-02770-MEJ |
| Plaintiff, | **MOTION TO PROCEED ANONYMOUSLY** |
| vs. | |
| DOES 1-1474, | |
| Putative Defendants. | |

**I.     INTRODUCTION**

Doe 305 submits this Motion to Proceed Anonymously and hereby moves this Court to allow their person to proceed anonymously in the filing of its Motion to Quash Subpoena, filed simultaneously with this motion.

**II.    FACTS**

Doe 305 (IP Address: 207.68.252.6) ("Doe 305" or "Doe") is one of 1,474 anonymous putative

defendants named in the above captioned action for the alleged copyright infringement of Plaintiff New Sensation, Inc.'s ("Plaintiff") movie "Big Bang Theory: A XXX Parody" (the "work"). Plaintiff broadly alleges that each and every anonymous defendant reproduced or distributed a substantial portion of Plaintiff's work via the BitTorrent file-sharing protocol.

With permission of this Court, Plaintiff served subpoenas on multiple Internet Service Providers ("ISP"), including Doe 305's ISP, seeking the name and contact information of each anonymous defendant so that Plaintiff could render process of service on the putative defendants. Doe's Internet Service Provider, MetroCast Communications, received such a letter on September 14, 2011. See **Exhibit A**.

On October 11, 2011, Doe 305 (IP Address: 207.68.252.6) received a letter from MetroCast Communications. The letter explained that MetroCast Communications had received a subpoena from Plaintiff requesting Doe's name and address. In light of this subpoena and Doe 305's concerns with privacy in this stage of the litigation prior to defendants being named, this Motion to Proceed Anonymously in the filing of a Motion to Quash Subpoena and a Memorandum of Points and Authorities in Support of Putative Defendant Doe 305's Motion to Quash Subpoena is being filed.

### III.   ARGUMENT

While the public has a strong interest in knowing the identities of litigants, permission to proceed anonymously may be granted for good cause shown. The Court must balance the Doe's right to privacy versus the constitutionally embedded presumption in the openness of judicial proceedings. This balancing often must occur in actions where putative defendants, like Doe 305, have yet to be named as a party to the action but where expedited discovery is sought to discover the Doe's true identity and contact information.

In the present case, the Does are not yet named Defendants in the matter. Plaintiff seeks expedited discovery to find out the Does' identities, but then would have to properly name and serve each of the Does for them to become Defendants. See Order on Granting Ex Parte Application for Leave to Take Expedited Discovery.

The subject matter of the present complaint, copyright infringement, specifically, the downloading of a pornographic movie through the online file-sharing protocol BitTorrent, involves content that if associated publicly with Doe 305 would serve to harm his reputation and serve as an intrusion upon their privacy. See Complaint. This reputational harm is unnecessary and would place a burden on a Doe who may or may not become a Defendant in the present action.

As Doe #305 is filing a Motion to Quash the subpoena served by Plaintiff to MetroCast Communications on September 14, 2011, and an order has yet to issued on that Motion, as it has been filed simultaneously with the present Motion, it is not the proper time in the case for the Doe to exercise the option of disclosing his or her identity under seal.

A similar order was granted in this case to Doe Defendant #1039, on November 14, 2011, to proceed anonymously with his Motion to Dismiss for Lack for Personal Jurisdiction and/or Misjoinder and Motion to Quash Subpoena. In a similar manner, Doe #305 invokes this Court, in lieu of the pornographic content being advanced in the copyright infringement violations, to grant their person the same right at this stage in the litigation.

This Court has every reason to protect privacy rights to remain anonymous in the filing of the Motion to Quash the Subpoena. **The Motion to Proceed Anonymously should be granted.**

IV. CONCLUSION

For the foregoing reasons, Doe 305 respectfully moves this Court to allow Doe 305 to proceed anonymously.

| | | |
|---|---|---|
| 1 | Dated: November 21, 2011 | Respectfully Submitted, |
| 2 | | |
| 3 | | |
| 4 | | /s/ Jerome Pandell |
| 5 | | Jerome Pandell (State Bar # 260481)<br>Gagnier Margossian, LLP |
| 6 | | 350 Townsend Street, Suite 206<br>San Francisco, CA  94107 |
| 7 | | Tel: (909) 447-9819<br>Fax: (909) 972-1639 |
| 8 | | Email: consult@gamallp.com |
| 9 | | Christina M. Gagnier (State Bar #264578)<br>*Seeking Admission to the Northern District of* |
| 10 | | *California*<br>Gagnier Margossian, LLP |
| 11 | | 350 Townsend Street, Suite 206<br>San Francisco, CA  94107 |
| 12 | | Tel: (909) 447-9819<br>Fax: (909) 972-1639 |
| 13 | | Email: gagnier@gamallp.com |
| 14 | | Attorneys for Putative Defendant Doe 305 (IP Address: 207.68.252.6) |

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 21, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

GAGNIER MARGOSSIAN LLP

Dated:  November 21, 2011              By:   /s/ Jerome Pandell
                                             Jerome Pandell