Jerome Pandell (State Bar # 260481)
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: consult@gamallp.com

Christina M. Gagnier (State Bar #264578)
*Seeking Admission to the Northern District of California*
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: gagnier@gamallp.com

Attorneys for Putative Defendant Doe 305 (IP Address: 207.68.252.6)

FILED
2011 NOV 22 A 9:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-1474,<br><br>Putative Defendants. | Case No. 3:11-CV-02770-MEJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PUTATIVE DEFENDANT DOE 305'S MOTION TO QUASH SUBPOENA** |

1

## I. INTRODUCTION

Doe 305 (IP Address: 207.68.252.6) ("Doe 305" or "Doe") is one of 1474 anonymous putative defendants named in the above captioned action for the alleged copyright infringement of Plaintiff New Sensation, Inc.'s ("Plaintiff") movie "Big Bang Theory: A XXX Parody" (the "work"). Plaintiff broadly alleges that each and every anonymous defendant reproduced or distributed a substantial portion of Plaintiff's work via the BitTorrent file-sharing protocol.

With permission of this Court, Plaintiff served subpoenas on multiple Internet Service Providers ("ISP"), including Doe 305's ISP, seeking the name and contact information of each anonymous defendant so Plaintiff could render process of service. Plaintiff's mass copyright infringement claim is one of many such cases that have attempted to circumvent the procedural safeguards built into the federal civil court system. Courts have not tolerated similar actions that blindly name thousands of anonymous putative defendants with little basis for alleged claims.

Because of these unjustifiable flaws in Plaintiff's allegations, Plaintiff has not made a prima facie case of copyright infringement, all evidence suggests this Court lacks jurisdiction over Doe 305, and Doe 305 is misjoined to the nearly 1500 other putative defendants in this case. Compliance with Plaintiff's subpoena would assail Doe 305's First Amendment right to speak anonymously and would subject Doe 305 to substantial prejudice, unfairness, inconvenience and undue burden.

For reprieve from this burden, Doe 305 requests this Court QUASH Plaintiff's subpoena.

## II. FACTS

On October 11, 2011, Doe 305 (IP Address: 207.68.252.6) received a letter from MetroCast Communications, Doe's Internet Service Provider. *See* Declaration of Doe 305 In Support of Putative Defendant Doe 305's Motion to Quash Subpoena ("Doe Decl."), **Exhibit 1**. The letter explains MetroCast Communications received a subpoena from Plaintiff requesting Doe's name and address. *Id.* The letter further explains Plaintiff has sued Doe 305, along with numerous other putative defendants, for allegedly infringing Plaintiff's copyright in its motion picture by reproducing and/or distributing a copy of the file using the peer-to-peer file-sharing protocol known as BitTorrent.

As indicated by Plaintiff's expert, Jon Nicolini ("Nicolini"), BitTorrent is a file-sharing protocol

that allows users to download and share files over the Internet. *See* Declaration of Jon Nicolini in Support of Plaintiff's Ex Parte Application For Leave To Take Limited Discovery Prior to a Rule 26(f) Conference ("Nicolini Decl.") at ¶¶ 6-7. The protocol allows an initial individual to make any file available to others over BitTorrent (this user is known as the "original seed"). *See id.* Others users may search for a file and use a BitTorrent client to start downloading that file from the seed (these users are known as "leeches"). *See id.* Once a leech has downloaded a small segment of a file, he will automatically begin to upload that same small and insubstantial portion of that file. *See id* at **Exhibit G** ("you distribute the file *while* downloading…") (emphasis in original). Based on Nicolini's explanation, it is entirely plausible that a BitTorrent user may leech a few bits of data, seed those few bits of data, and then exit the BitTorrent client and no longer participate in any file sharing.

**Plaintiff has presented <u>no evidence</u> to indicate Doe 305 reproduced a *substantial* portion of Plaintiff's work.**

Doe 305's ISP, MetroCast Communications, is a New Hampshire corporation and Internet service provider that serves residents in nine states – Alabama, Connecticut, Maryland, Maine, Mississippi, New Hampshire, Pennsylvania, South Carolina and Virginia. *See See* Declaration of Christina M. Gagnier in Support of Doe 305's Motion to Quash Subpoena ("Gagnier Decl."), **Exhibit A.** **<u>MetroCast does not serve residents in California</u>**. *See id.*

Doe's IP address - 207.68.252.6 – is registered to MetroCast in <u>Oxford, Mississippi</u>. *See* Gagnier Decl. at ¶ 2, **Exhibit B.** Multiple online IP locaters indicate Doe's IP address is registered in <u>Oxford, Mississippi</u>. *Id.*

Doe 305 is a resident of <u>Oxford, Mississippi</u>. *See* Doe Decl. ¶ 3. The <u>October 11, 2011</u> letter from MetroCast was sent to Doe's residence in <u>Oxford, Mississippi</u>. *See id.*, **Exhibit 1**.

From Plaintiff's allegations, Plaintiff's evidence, and numerous publicly available sources, Plaintiff has no reason to believe Doe 305 resides in California.

**Plaintiff has reason to believe Doe 305 resides in <u>Oxford, Mississippi</u>.**

Plaintiff alleges it retained Copyright Enforcement Group, LLC ("CEG"), a corporation "in the business of discovering infringements, and arranging for the enforcement, of the copyright of its clients."

3

*See* Nicolini Decl. at ¶ 3. Plaintiff further alleges CEG used its software to monitor the BitRorrent activities of each of the 1474 putative defendants. *See* Nicolini Decl. at ¶ 11, 18.

According to Plaintiff, on <u>November 12, 2010</u> Doe 305 was in the process of either reproducing or distributing Plaintiff's allegedly copyrighted movie, "Big Bang Theory: A XXX Parody," in violation of Plaintiff's exclusive rights under the Copyright Act, codified at 17 U.S.C. sec. 101, et seq. *See* Complaint at ¶ 10-11, **Exhibit A**.

Plaintiff does <u>not</u> directly allege all putative Does 1-1474 engaged in the same act of infringement. *See id.* at ¶ 11. Rather, Plaintiff asserts that because all Does were *monitored* utilizing the BitTorrent protocol at some point in a nine-month period to either download or share a file with the same alphanumeric hash, all Does are assumed to be part of the same "swarm." *See id.* at ¶ 10-11; *see also* Nicolini Decl. at ¶ 6. Plaintiff further alleges that if all Does are part of the same swarm, they were all engaged in the same act of infringement. *See* Complaint at ¶ 11. But Plaintiff provides **no evidence** to establish all Does were *at all times* part of the *exact same* swarm, and Plaintiff provides **no evidence** to establish all Does engaged in the *same* act of infringement.

To the contrary, Plaintiff's own expert confirms "the size of the swarm varies" over time. *See* Nicolini Decl., ¶ 6. This means users who reproduce or distribute a file at the beginning of a period of time may <u>never</u> interact with other users who reproduce or distribute a file at the end of a period of time, even if those users are monitored downloading or uploading a file with the same hash.

Despite these facts, Plaintiff sought leave of this Court to unmask the identities of nearly 1,500 anonymous Internet users by issuing subpoenas on multiple Internet service providers. This Court granted that request. *See* Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery ("Order"). Pursuant to Rule 45(c)(3)(A)(iii)-(iv), Doe 305 now moves this Court to quash Plaintiff's subpoena as (1) infringing Doe 305's First Amendment right to remain an anonymous speaker and (2) subjecting Doe 305 to prejudice, unfairness, inconvenience and undue burden.

4

## III. ARGUMENT

A court must quash or modify a subpoena, on timely motion, when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or when the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). Additionally, as a means of protecting Internet users' First Amendment rights, courts have created specific requirements for plaintiffs seeking the identity of alleged online copyright infringers from third-party ISPs. *See Sony Music Entm't, Inc. v. Does 1–40*, 326 F.Supp.2d 556, 564 (S.D.N.Y.2004). These requirements are designed to balance "the need to provide injured parties with [a] forum in which they may seek redress for grievances" against "the legitimate and valuable right to participate in online forums anonymously or pseudonymously ... without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999); *see also Hard Drive Productions, Inc. v. Does 1-130*, C-11-3826 DMR, 2011 WL 5573960, at *1 (N.D. Cal. Sept. 6 2011); *accord Sony Music Entm't, Inc.*, 326 F.Supp.2d at 564 (S.D.N.Y. 2004); *London–Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 163 & nn. 10–11, 179 (D. Mass. 2008) (noting that even copyright infringing file downloading is entitled to some degree of First Amendment protection).

In order to surmount this balancing test a plaintiff must, *inter alia*, make a prima facie claim of copyright infringement and sometimes must adduce evidence to support such a claim. *Columbia Ins. Co.*, 185 F.R.D. at 578-90. As a further safeguard to anonymous putative defendants, numerous courts, including this District, have not permitted plaintiffs to discover the anonymous defendants' identities when there is a likely **lack of personal jurisdiction**, **misjoinder** of the defendants, or an **undue burden** on defendants in sustaining the discovery against ISPs. *See On The Cheap, LLC v. Does 1-5011*, C10-4472 BZ, 2011 WL 4018258, at *3-5 (N.D. Cal. 2011).

**Plaintiff's claim against Doe 305 is plagued by <u>all</u> these problems.**

First, Plaintiff has not stated a prima facie claim of copyright infringement because it has not shown Doe 305 *substantially* reproduced or distributed the work.

<u>Second</u>, every iota of evidence available to plaintiff suggests this court lacks personal jurisdiction over Doe 305, and thus Plaintiff's jurisdictional allegation is made in bad faith.

<u>Third</u>, joinder is improper because, even under Plaintiff's alleged "swarm" theory, multiple defendants could have engaged in distinct, separate reproductions, and never actually interacted with one another.

Separately, these obstacles have barred a plaintiff's right to unmask anonymous Internet users in numerous other cases; together, they impinge Doe 305's First Amendment rights and subject Doe 305 to substantial <u>burden</u>, <u>prejudice</u>, <u>inconvenience</u> and <u>unfairness</u>.

**On this basis, the Court should grant Doe 305's Motion to Quash.**

**A.    Doe 305's Motion to Quash Should Be Granted because Plaintiff Has Not Adduced Evidence Sufficient to Support a Prima Facie Claim of Copyright Infringement as to Doe 305**

There is no question conduct and speech occurring on the Internet is protectable under the First Amendment. *See Reno v. ACLU*, 521 U.S. 844, 850-52 (1997). Further, the First Amendment grants individuals the right to remain anonymous in their speech. *See Buckley v. American Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999) (invalidating statute requiring initiative petitioners to wear identification badges as violation First Amendment); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995) (overturning state statute that prohibited dissemination of campaign literature that did not list name and address of person issuing literature on First Amendment grounds); *Talley v. California*, 362 U.S. 60, 65 (invalidating statute that prohibited distribution of handbills without the name and address of preparer).

As noted above, a recent rash of cases involve plaintiffs who have brought suit against anonymous or pseudonymous defendants, knowing only the defendants' IP addresses. In weighing the significant First Amendment concerns, courts have split on what plaintiffs must show to compel an ISP to unmask an anonymous Internet user. *See, e.g., Hard Drive Productions, Inc. v. Does 1-130*, C-11-3826 DMR, 2011 WL 5573960, *1 (N.D. Cal. Nov. 16, 2011); *Columbia Ins. Co.*, 185 F.R.D. at 578; *Sony Music Entm't, Inc.*, 326 F.Supp.2d at 564; *London–Sire Records, Inc.*, 542 F.Supp.2d at 163 & nn.

10–11, 179. In other cases where a plaintiff has sought the identities of anonymous Internet users, this District has required the plaintiff to <u>adduce evidence</u> sufficient to support a prima facie claim against the doe defendant. *See Art of Living Found. v. Does 1-10*, 10-CV-05022-LHK, 2011 WL 5444622, *3-4 (N.D. Cal. Nov. 9, 2011); *accord Best Western Intern., Inc. v. Doe*, No. CV-06-1537, 2006 WL 2091695, *4 (D. Ariz. July 25, 2006); *Doe v. Cahill*, 884 A.2d 451, 461 (Del. Supr. 2005). In other settings, this District has required plaintiffs to overcome a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 578. Indeed, in this Court's previous Order granting Plaintiff's discovery request, the Court determined that Plaintiff's claims <u>must</u> overcome the motion to dismiss standard. *See* Order at 2.

While Doe 305 strongly believes Plaintiff should overcome more than a motion to dismiss standard for permission to impinge Doe 305's First Amendment right to remain anonymous online, **Plaintiff fails to meet even the motion to dismiss standard**.

The standard for a motion to dismiss is one of plausibility. *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (quotation marks omitted). Here Plaintiff has, with regards to at least one element of its copyright infringement claim, provided only "a formulaic recitation" of the element. *Id.*

The Copyright Act vests in holders of a valid copyright the exclusive rights to reproduce and distribute one's copyrighted work. *See* 17 U.S.C. § 106. In order to assert a prima facie claim of copyright infringement under the Copyright Act, a plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work that are original. *Rice v. Fox Broad Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To satisfy the second prong, Plaintiff must "show[] both access to the copyrighted material on the part of the alleged infringer and *substantial similarity* between the copyrighted work and the alleged infringing work." *Ent. Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (citing *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d. 1031, 1033 (9th Cir. 1992)) (emphasis added).

Plaintiff broadly alleges in its complaint that "Exhibit A [to the Complaint] identifies ... each Defendant ... that has, without permission or consent of the Plaintiff, reproduced and distributed to the public at least a substantial portion of the Motion Picture." Complaint at ¶ 10. Defendant further alleges each anonymous defendant "actually provid[ed] on a P2P network an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture." *Id.* at ¶ 11. Such an allegation merely recites the substantial similarity element of a claim of copyright infringement. Beyond these conclusory statements, there are no assertions in Plaintiff's Complaint stating how much of the copyrighted work any specific putative defendant reproduced or distributed. More specifically, there is no statement regarding how much of the work Doe 305 is alleged to have actually reproduced or distributed. It is by no means a forgone conclusion that if a putative defendant was monitored participating in the alleged BitTorrent swarm, the defendant necessarily reproduced or distributed a *substantial* portion of the work.

The nature of the BitTorrent protocol makes it possible for a user to open their BitTorrent client and start to download, or leech, a copyrighted work. As soon as this user has downloaded *some* data from the seed, the BitTorrent client automatically begins to share this small portion of data with other BitTorrent users. *See* Nicolini Decl., **Exhibit G** at 2 ("you distribute the file *while* downloading..."). It is at least possible for a user to open his BitTorrent client, download an insubstantial portion of a file, share that same insubstantial portion of the file, and then close his BitTorrent client and recuse himself from further participation in the swarm. In these insubstantial bits of data, Plaintiff's work would be unrecognizable.

**It is possible this is exactly what occurred with Doe 305.**

Such a scenario is granted greater credibility in light of the data CEG's software recorded about each putative defendant: "the time(s) and date(s) *when a portion* of the accused file was downloaded successfully to the accused infringer's computer, ... *the percent of the file* downloaded by us from the infringer's computer, [and] *the percent of the accused file* on the infringer's computer which is available at that moment for copying by other peers." Nicolini Decl. ¶ 18 (emphasis added). Surely CEG's software would only need to record such information if it were possible for some user to reproduce or distribute only small portions of the copyrighted work.

Because it is conceivable that CEG's software monitored some Doe defendants downloading or uploading entirely insubstantial portions of the work, and because Plaintiff only regurgitates the substantial similarity element of its claim of copyright infringement, **Plaintiff has failed to demonstrate its prima facie claim**.

As a practical matter, what burden is it on Plaintiff to require it to allege with particularity how much of the copyrighted work each defendant reproduced? Based on Nicolini's declaration, this information is already in the hands of the Plaintiff. It ought to be included in the Complaint for each of the 1474 putative defendants burdened by Plaintiff's expedited discovery.

At this point, since Plaintiff has <u>not</u> stated a prima facie claim of copyright infringement against Doe 305, the Motion to Quash should be <u>granted</u>.

**B. Motion to Quash Should Be Granted Because Plaintiff Has Not Properly Alleged This Court's Personal Jurisdiction Over Doe 305**

A court must grant a motion to quash if the subpoena "subjects *a* person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Further, as outlined above, Plaintiff is only entitled to unmask an anonymous online speaker's identity by pleading with the particularity necessary to survive a motion to dismiss. *See* Order at ¶ 2.

Here, Plaintiff's jurisdictional allegation is vague, conclusory, and in light Plaintiff's own evidence suggesting Doe 305 resides in <u>Oxford, Mississippi</u>, renders compliance with the subpoena an undue burden on Doe 305. Numerous courts in similar mass copyright infringement cases have expressed similar concerns about a potential lack of jurisdiction over many of the anonymous defendants. *See, e.g., On The Cheap, LLC*, 2011 WL 4018258, at *3 (noting the concern that of the over 5000 doe defendants joined in the case, over 4000 were likely located outside of California).

Doe 305 concedes that at this stage of litigation a determination of jurisdiction-in-fact would be premature. Rather, under the motion to dismiss standard adopted by this Court, and the Rule 45(c)(3)(A)(iv) undue burden standard, the proper inquiry is whether the likely lack of jurisdiction makes compliance with the subpoena (1) unfair in light of Doe 305's First Amendment right to speak anonymously online, and (2) an undue burden on Doe 305.

### 1. It is Extremely Unlikely Doe 305 Resides in this Forum or District

In its complaint, Plaintiff alleges "[v]enue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District, and/or the acts complained of herein occurred and/or have a significant effect within this District." Complaint at ¶ 2. This allegation **does not state with any particularity why Plaintiff believes any putative defendant may be found in this District**. In reviewing the evidence cited by Plaintiff, as well information publicly available online, it is extremely unlikely Plaintiff actually does believe Doe 305 resides in this District.

First, Plaintiff can look up Doe 305's IP address to discover where the address is registered using an online IP Address geo-locator. Of the first four locators Doe 305's counsel found, <u>all four</u> indicated the IP Address was registered in <u>Oxford, Mississippi</u>. *See* Gagnier Decl., **Exhibit B**.[1]

Second, CEG software "uses available databases to record the name of the ISP having control of the IP address and the state (and often the city or county) associated with that IP address." Nicolini Decl. at ¶ 18. This suggests Plaintiff was well aware of where the IP address of each Doe was registered. Plaintiff must <u>not</u> have made its jurisdictional allegation on information and belief, but <u>despite it</u>.

Third, MetroCast Communications, Doe 305's ISP, serves only nine states including Mississippi. **MetroCast Communications provides no services in California.** *See* Gagnier Decl., **Exhibit A**. This information is available on MetroCast Communication's public website.

Given these indicators, it is hard to understand why Plaintiff thinks Doe 305 resides in California. Beyond its vague and conclusory jurisdictional allegation, **Plaintiff offers no basis for such a belief**. On its own, and in light of Doe 305's First Amendment right to remain an anonymous online speaker, Plaintiff's failure to make a jurisdictional allegation specific enough to rise to a level of plausibility **requires** this Court to grant Doe 305's Motion to Quash.

---

[1] In other cases this jurisdictional argument, presented by itself, has been rejected as a basis for quashing a subpoena. *Sony Music Entm't Inc.*, 326 F.Supp.2d at 567. But unlike *Sony*, here there are **at least two other indicators** available to Plaintiff suggesting Doe 305 is a resident of <u>Oxford, Mississippi</u>, and <u>not</u> a resident of California.

Further, Doe 305 contends to actually reside in <u>Oxford, Mississippi</u>, making compliance with the subpoena an undue burden under Rule 45(c)(3)(A)(iv). Doe 305 has alleged as much in his accompanying declaration. *See* Doe Decl. at ¶ 3. As further evidence of Doe 305's actual residence, it is clear from MetroCast's <u>October 11, 2011</u> letter to Doe 305 that the letter was mailed to a residence in <u>Oxford, Mississippi</u>. *See id.*, **Exhibit 1**.

These facts, along with the indicators regarding the IP address's geographic location, strongly suggest Doe 305 resides in Mississippi. **No information, publicly available or in the record, suggests Doe 305 resides in California.**

### 2.  Doe 305's Alleged BitTorrent Activities Do Not Constitute Purposefully Availment for Purposes of Finding Specific Jurisdiction

To the extent Plaintiff may assert Doe 305 purposefully availed himself of the forum simply because of his contacts with other BitTorrent users who may reside in the forum state, other courts have rejected such a contention. *On The Cheap, LLC,* 2011 WL 4018258 at *4 (finding BitTorrent "'swarming' activity" is improper basis for personal jurisdiction because it might subject every BitTorrent swarm member to jurisdiction in every state); *accord Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (noting the legitimate concern of "creat[ing] almost universal personal jurisdiction" because "defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive'"). A non-resident will be said to have purposefully availed himself of a forum when he or she has sufficient minimum contacts with the forum so as not to offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In the context of online interactivity, courts will often apply a sliding scale to determine whether a non-resident defendant had sufficient minimum contacts with the forum state. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The probability of personal jurisdiction is greater when an Internet user's activities are active and commercial, and is less when an Internet user's online activities are passive and non-commercial. *Id.*

Taking the facts as they are presented in Plaintiff's Complaint, all BitTorrent peers are anonymous, and it is impossible to choose with whom a file is to be shared. To find personal jurisdiction

over a defendant simply because he allegedly shared a file with another user located in the forum state would subject that defendant to personal jurisdiction in every forum where a member of the swarm resides. Under such a standard a BitTorrent user could very well be subject to universal jurisdiction. This type of universal jurisdiction is specifically what the *Zippo* sliding scale and other cases conclude flies in the face of "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. For this reason, Doe 305 **cannot be subject to specific personal jurisdiction** based on the facts alleged in the complaint.

### 3. Plaintiff's Allegations Do Not Support a Finding that Doe 305 Had "Continuous and Systematic Contacts" with the Forum Such That This Court May Exercise General Jurisdiction Over Doe 305

A court may exercise general jurisdiction over a defendant whose contacts with the forum have been "continuous and systematic," even if the claim itself does not implicate any of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). This standard is a demanding one that "requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (noting the standard is "demanding because the consequences can be severe").

Here, Plaintiff has not alleged in its complaint (or any other briefs) that Doe 305 is subject to general jurisdiction in this forum. General jurisdiction applies only to businesses or individuals engaged in *extensive* contact with a forum state. But based on Plaintiff's allegations, the only interaction Doe 305 has had with California are the extremely attenuated "contacts" through his alleged activity on BitTorrent. These allegations are clearly not sufficient to meet the "demanding" standard a prima facie case of general jurisdiction requires. Further, Doe 305 alleges in his sworn declaration that he has not had any continuous or systematic contacts with California. *See* Doe Decl. at ¶ 4.

Based on all allegations and evidence, there is no basis for either Plaintiff or this Court to believe Doe 305 is subject to general jurisdiction in California.

Based on Doe 305's declaration, however, there is reason to believe **Doe 305 is not subject to general jurisdiction.**

### 4. Overwhelming Evidence Suggesting the Court Lacks Personal Jurisdiction Over Doe 305 Merits Granting the Motion to Quash

Because (1) Plaintiff's jurisdictional allegation is vague and conclusory; (2) all of Plaintiff's evidence indicates Doe 305 is a resident of Mississippi and not of California; (3) all publicly available information indicates Doe 305 is a resident of Mississippi and not of California; (4) Doe 305 cannot be subject to personal jurisdiction in California based on his alleged BitTorrent activities; and (5) there is no allegation or evidence that Doe 305 has had continuous and systematic contacts with California so as to satisfy the demanding standard for general jurisdiction, **it is <u>extremely</u> unlikely this Court has personal jurisdiction over Defendant**. Given Plaintiff's failure to state with even the slightest degree of specificity why this Court would have personal jurisdiction over Defendant, and given the probability that this Court does <u>not</u> have jurisdiction over Doe 305, compliance with the subpoena assails Doe 305's First Amendment right to remain an anonymous speaker and subjects Doe 305 to an undue burden under Rule 45(c)(3)(A)(iv). **<u>The Motion to Quash must be granted.</u>**

### C. Doe 305 Motion to Quash Should Be Granted for Misjoinder of 1474 Putative Defendants

**Doe 305 has been improperly joined with 1473 other defendants**. In light of this misjoinder, compliance with the subpoena places an undue burden on Doe 305. This undue burden requires the Court to grant Doe 305's Motion to Quash. Fed. R. Civ. P. 45(c)(3)(A)(iv). This Court may also use its discretion to sever Defendants upon a finding of misjoinder. Fed. R. Civ. P. 21. Many other courts in this District and other federal districts have determined joinder in mass BitTorrent copyright cases raises significant concerns. *See On The Cheap, LLC v. Does 1-5011*, 2011 WL 4018258, at *3; *MCGIP, LLC v. Does 1-149*, Case No. 11–2331–LB, 2011 WL 3607666, *3 (N.D. Cal. Aug. 15, 2011). While the Court previously found joinder was appropriate based on the Plaintiff's allegations in its Order granting Plaintiff's expedited discovery, the Court also noted "Doe Defendants may be able to rebut these allegations later." *See* Order at 9.

### 1. Even if All Defendants Were Part of the Same Swarm, the Alleged Infringements Did Not Necessarily Arise Out of the "Same Transaction or Occurrence"

Joinder is only appropriate when the "right to relief [is] asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence." Fed. R. Civ. P. 20(a). Here Plaintiff relies heavily on the concept of the BitTorrent "swarm" to allege that over a nine-month period all defendants infringed Plaintiff's copyright as part of the same transaction or occurrence. **But Plaintiff's own facts belie the notion that because users were at one point part of the "same" swarm, they all necessarily interacted with one another to infringe Plaintiff's copyright.**

As Plaintiff's expert describes it, swarms are started by a single "original seed," and "[a]s time goes on, the size of the swarm varies ... with some swarms enduring for 6 months to well over a year." *See* Nicolini Decl. ¶ 6. This suggests **a swarm can grow and shrink**, with individuals opening and closing their BitTorrent clients all the time. It is even possible to imagine a swarm started by an original seed and joined initially by one other user – the first leech. This leech may participate in the swarm for a short time, then uninstall his BitTorrent client and recuse himself from further participation. Subsequently, a second leech may join the original seed in the swarm. In such a scenario, the original seed has shared a file with the first leech – a reproduction and distribution that the second leech was not a party to. Further, the second leech and the original seed also interacted in sharing a file without the first leech. In both of these cases the file that is reproduced is the same – with the same file name and same hash. The swarm is, therefore, also said to be the "same." **But the separate user interactions represent separate and distinct reproductions of the file.** If, as Plaintiff alleges, each of these reproductions amounts to copyright infringement, then each reproduction is a <u>separate</u> and <u>distinct</u> infringement. Parties to an earlier infringement cannot be liable for later infringements to which they were not a party, and vice versa.

Applying this concept to the nine-month swarm in which Plaintiff alleges all defendants were participants, it is easy to imagine that among 1474 putative defendants, **most of those defendants never actually interacted with one another**. It is therefore <u>entirely implausible</u> that every claim against every defendant actually arose out of the same transaction or occurrence. Rather, based on the way in which

Plaintiff describes BitTorrent, **it is far more likely most of the alleged reproductions and distributions were separate, distinct events**. As such, Doe 305 is improperly joined with the other defendants under Rule 20(a).

### 2. Joinder Does Not Promote Judicial Economy, Raises Significant Case Manageability Issues and Subjects Doe 305 to Undue Burden, Inconvenience and Unfairness

Since Plaintiff's "swarm" theory fails to justify joinder in this case, countless other concerns regarding joinder become significant. These have been well noted by many other cases and include, but are not limited to, the failure of joinder to promote judicial efficiency, the significant case manageability issues, "principles of fundamental fairness, and prejudic[e] to the defendants." *On The Cheap, LLC.*, 2011 WL 4018258, at *3 (N.D. Cal. 2011). *See also IO Group, Inc. v. Does 1–435,* Case No. 10–4382–SI (N.D.Cal. Feb. 3, 2011); *Diabolic Video Productions, Inc. v. Does 1–2099,* Case No. 10–5865–PSG (N.D.Cal. May 31, 2011); *Pacific Century Int'l, Ltd. v. Does 1–101,* Case No. 11–2533–DMR (N.D.Cal. July 8, 2011); *Boy Racer v. Does 2–52,* Case No. 11–2834–LHK (PSG) (N.D.Cal. Aug. 5, 2011); *MCGIP, LLC v. Does 1–149,* 2011 WL 3607666, at *3. For these reasons, **Doe 305 urges this Court to use its discretion under Rule 21 to sever defendants.**

Since joinder is inappropriate under Rule 20(a), all of the substantial concerns associated with Doe 305's joinder to the other 1473 defendants make compliance with Plaintiff's subpoena an undue burden on Doe 305. This court would affect a considerable injustice on Doe 305 if it forced his ISP to unmask his identity to a bully-Plaintiff who has not targeted Doe 305 specifically, but rather has arbitrarily joined him with nearly 1500 other supposed copyright infringers in the desperate hope it can get some of its claims to stick. **For this reason, the Court should grant Doe 305's Motion to Quash.**

Because (1) Plaintiffs have not made a prima facie case for copyright infringement, (2) Plaintiffs have not made a sufficient jurisdictional allegation as to Doe 305, (3) Doe 305 is probably not subject to personal jurisdiction in California, and (4) Doe 305 has been misjoined to the other defendants in this action raising substantial concerns over fundamental fairness and prejudice, this Court has every reason to protect Doe 305's First Amendment rights to remain anonymous as an online speaker and to be free from the significant burden of Plaintiff's subpoena. **The Motion to Quash should be granted.**

## IV. CONCLUSION

For the foregoing reasons Doe 305 respectfully asks this Court to GRANT Putative Defendant Doe 305's Motion to Quash Subpoena, and urges the Court to sever Doe 305 for misjoinder.

Dated: November 21, 2011

Respectfully Submitted,

/s/ Jerome Pandell

Jerome Pandell (State Bar # 260481)
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: consult@gamallp.com

Christina M. Gagnier (State Bar #264578)
*Seeking Admission to the Northern District of California*
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: gagnier@gamallp.com

Attorneys for Putative Defendant Doe 305 (IP Address: 207.68.252.6)

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

GAGNIER MARGOSSIAN LLP

Dated: November 21, 2011         By:   /s/ Jerome Pandell
                                       Jerome Pandell