UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC., <br><br> Plaintiff <br><br> v. <br><br> DOES 1 – 1,474, <br> DOE 105, DOE 107, and DOE 903 <br><br> Defendants. | CA. 1:11-cv-02770-MEJ |

**CONSOLIDATED MOTION & MEMORANDUM TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3) OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(3)**

## I. INTRODUCTION

Certainly, copyright infringement is a legitimate basis for suit, and if many people engage in copyright infringement, many people may be sued. But the general safeguards developed by federal courts to ensure that defendants get a fair chance to present their defenses always apply and, in a case such as this, have special importance. Unfortunately, the Plaintiff and its counsel have flouted those procedures. District Courts in Texas and Illinois, as well as California, have dismissed similar mass-infringement cases, and West Virginia has gone so far as to issue an order barring these types of suits from being filed.[1]

In pursuit of its claim, Plaintiff filed for expedited discovery prior to a Rule 26(f) conference. Good cause for granting such discovery exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *accord Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Due to the necessarily *ex parte* nature of Plaintiff's motion, Plaintiff faced no adversaries to fully expound on the prejudices that Moving Defendants face as a result of Plaintiff's expedited discovery.

---

[1] Plaintiff's *Ex-Parte Application for Expedited Discovery* ("Plff's Application" Dkt. No. 5) relies heavily on rulings from Judge Beryl Howell, a former RIAA lobbyist, in Washington, DC. However, Plaintiff's Application for Expedited Discovery fails to contrast Judge Howell's rulings with the majority of rulings from District Courts around the country that directly contradict her.

1

In this particular context, the Court must balance "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" against those of subscribing to an ISP "without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

## II. TECHNICAL BACKGROUND

### A. Internet Protocol Addresses.

#### 1. Definition.

Any customer of an Internet Service Provider ("ISP"), such as the Moving Defendants, who connects their computer to the Internet via the ISP is assigned an Internet Protocol (IP) address. See *U.S. v. Heckenkamp*, 482 F.3d 1142, 1144 (9th Cir. 2007) ("An IP address is comprised of four integers less than 256 separated by periods"). In addition to the customer's IP address, the ISP's network is also assigned its own IP address. See *LVRC Holdings v. Brekka*, 581 F.3d 1127, 1130 (9th Cir. 2009).

#### 2. Purpose.

The purpose of an IP address is to route traffic efficiently through the network. It does not identify the computer being used nor the user. "IP addresses specify the locations of the source and destination nodes in the topology of the routing system. For this purpose, some of the bits in an IP address are used to designate a subnetwork."[2] As a result, IP addresses do serve as a useful tool to determine the general geographic location of both the ISP and the user. A number of public domain tools are available on the Internet, such as ARIN Whois, available at http://whois.arin.net/ui/, to determine the city, state and country where an IP address is located. For example, a query submitted to ARIN's Whois on the IP address listed on Plaintiff's subpoena for Doe 105 returns the following result shown in Exhibit A, for Doe 107 in Exhibit B and for Doe 903 in Exhibit C.

Thus, with a few clicks, the Plaintiff (or anyone else) could have discovered that Doe 105 and Doe 107's IP addresses which are the subject of the subpoena receive Internet service through Verizon and that Verizon's main server is based in Reston, Virginia. And that Doe 903 receive Internet service through Charter Communications, whose main server is based in St. Louis, Missouri. To verify this

---

[2] "IP Address" http://en.wikipedia.org/wiki/IP_address#cite_note-rfc791-1 (Last visited November 28, 2011).

information, a user can access a free tool like http://whatismyipaddress.com/ and discover where the holder of the IP address is physically located. Entering "173.48.182.36" returns a location of Bedford, Massachusetts as shown in Exhibit D, "173.48.195.157" returns a location of Malden, Massachusetts as shown in Exhibit E, and "71.80.123.89" returns a location of Storrs, Connecticut as shown in Exhibit F. Without any of the information sought in the subpoena, the Plaintiff knows that the IP address associated with Doe 105 is located in or near Bedford, Massachusetts, Doe 107 is located in or near Malden, Massachusetts, and Doe 903 is located in or near Storrs, Connecticut. Thus, neither the ISP nor the Moving Defendants are subject to this Court's jurisdiction.

> [The Plaintiff's] ignorance must be real and not feigned and it must not be willful ignorance or such as might be removed by mere inquiry or the resort of information which is readily available.

*Kentucky Silver Mining Co. v. Day*, F. Cas. No. 7719 (CC Nev. 1873).

### III. LITIGATION BACKGROUND

In determining whether to permit such discovery as the Plaintiff seeks, the Court must perform this evaluation in light of the "entirety of the record … and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.* at 276. (citation & quotation marks omitted). Moving Defendants present the following surrounding circumstances.

Plaintiff's business model is to use mass copyright litigation to extract settlements from individuals, regardless of guilt, relying in large part upon reaching agreements with a minimal investment of time and effort.

Plaintiff has filed no fewer than four (4) similar cases[3] in the Ninth Circuit, all brought by Attorney Siegel and all relying on evidence proffered by CEG.[4] The suits are identical in their terms. In all four, the Plaintiff sought, and the Court granted, expedited discovery allowing the Plaintiff to subpoena information from ISPs to identify the Doe defendants. The Plaintiff then contacts the John

---

[3] *New Sensations, Inc. v. Does 1-1768*, 5:10-cv-05864 (N.D. Cal. December 23, 2010); *New Sensations, Inc. v Does 1-1745*, 3:10-cv-05863 (N.D. Cal. December 23, 2010); *New Sensations, Inc. v. Does 2-1768*, 4:11-cv-02835 (N.D. Cal. May 31, 2011); and *New Sensations, Inc. v. Does 1-1474*, 3:11-cv-02770 (N.D. Cal. June 7, 2011).

[4] In total, Attorney Siegel and CEG have participated in no fewer than nineteen (19) similar cases numbering 49,809 defendants—none of whom have been named. Attorney Siegel is a sole practitioner and this number of defendants is far beyond his ability to litigate on a case by case basis. (http://www.manta.com/c/mm7wkpv/law-offices-of-ira-m-siegel). Upon available information, CEG employs a staff of 1-4 individuals, which questions their ability to review the evidence as they claim. (http://www.manta.com/c/mryh0j2/ceg-nevada-llc).

Does, further alerting them to the lawsuit (they are already put on notice by their respective ISPs) and their potential liability, and demanding monetary compensation to end the litigation.

Plaintiff seeks to use the Court and its subpoena powers to obtain sufficient information for encouraging and exacting settlements from Doe defendants (including the Moving Defendants) cowed by the potential liability, embarrassment associated with pornography and costs of litigation in a foreign jurisdiction. Plaintiff has demonstrated no interest in actually litigating the case[s]. Of the four cases filed by the Plaintiff, three have been dismissed without prejudice for issues including lack of service, misjoinder and lack of jurisdiction. More importantly, of the 6,754 Doe defendants that Plaintiff has filed suit against, *not a single Defendant has been named.*

Furthermore, Plaintiff has shown it can can determine jurisdictionof the Moving Defendants:

> "[W]e could determine that of the 1474 Doe Defendants in this case, at least 1 out of every 5 of the IP addresses is associated with [a] physical address that is likely in California"

*Declaration of Jon Nicolini* ("Nicolini Declaration")*,* Dkt. No. 6-1, p.9 at ¶ 23.[5] However, using public domain tools available on the Internet, Moving Defendants' counsel was able to determine that of the first 300 Doe Defendants listed in Plaintiff's exhibit to its complaint, only 28 were in California. This indicates that the proper ratio of Defendants this Court has jurisdiction over is 1 in 10, or more plainly stated—of the 1474 Defendants, Plaintiff knows only about 147 reside in California.

This record of ill conduct indicates that the Plaintiff is using the offices of the Court as nothing more than an inexpensive means to gain the Moving Defendants' personal information to coerce payment.

## IV. ARGUMENT

### A. Movants are Defendants and can Proceed Anonymously.

Any assertion that the Moving Defendants are not parties is without merit for two reasons. First, Plaintiff is estopped from such an argument. The second, is that the Court has recognized the standing of the Moving Defendants as parties. Regardless, the Plaintiff need not be given an opportunity to identify the Moving Defendants through discovery since it is clear that the complaint can be dismissed

---

[5] Plaintiff's margin of error in determining jurisdiction has inexplicably lessened over its litigation history. See *Nicolini Declarations* filed in *New Sensations, Inc. v. Does 1-1745*, 10-cv-05863-WHA, Dkt. No. 7-1, pp.8-9 at ¶ 23. ("[A]t least 1 out of every 7 of the IP addresses is associated with [a] physical address in California."); and *New Sensations v. Does 1-1768*, 10-cv-05864-PSG, Dkt. No. 7-1, p.7 at ¶ 21. ("[A]t least 1 out of every 7 of the IP addresses is associated with [a] physical address in California.").

on other grounds. *Isley v. Bucks County*, 549 F. Supp. 160, 164 n.3 (E.D. Pa. 1982). As elaborated upon below, this Court has neither personal jurisdiction nor is the proper venue over the Moving Defendants, whom the Plaintiff knows to reside outside of California. Designating the Moving Defendants as "John Does" casts no magical spell on a complaint otherwise lacking in … jurisdiction. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). See also *Molnar v. National Broadcasting Company*, 231 F.2d 684 (9th Cir. 1956).

### 1. Plaintiff is Estopped from Arguing Movant is Not a Defendant.

The legal fiction that the Moving Defendants are not parties was refuted the moment Plaintiff filed its complaint. A plaintiff filing a complaint declares that a sufficient controversy exists between the parties to justify adjudication. Fed. R. Civ. P. 3. An individual becomes a defendant when *sufficiently identified* in the complaint, whether by an actual or fictitious name. The complaint *sufficiently identifies* the Moving Defendants through the unique IP address each Moving Defendant was assigned at the time of alleged infringement.[6]

Indeed, if the Moving Defendants were not sufficiently identified, the court would be obligated to dismiss the action. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (complaint identified defendant as "John Doe, Guard, Charlotte Correctional Institute" was insufficient to identify defendant among many prison guards, and district court properly dismissed the claim). In this case, however, Moving Defendants are individually and sufficiently identified through the IP addresses provided in the exhibit to the complaint. "The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them. When, as here, the cause of action is against them, and substantial relief sought against them, they are real parties in interest." *Grosso v. Butte Elec. Ry. Co.*, 217 F. 422, 423 (D. Mont. 1914). See also *Jensen v. Safeway Stores*, 24 F. Supp. 585, 589 (D. Mont. 1938). To prevent the Moving Defendants from challenging the subpoena begs the question as to whether the proceedings are truly adversarial or little more than an attempt to use expedited discovery to wrest quick settlements, regardless of innocence. *On the Cheap, LLC v. Does 1-5011*, 10-cv-004472-BZ, (N.D. Cal. 2011), Dkt. No. 66 at pp. 8-10, 11-12. See also *VPR Internationale v. Does*

---

[6] "[T]he Court finds that Plaintiff has come forward with sufficient information demonstrating that the Defendants are real persons or entities who may be sued in federal court." *Order Granting Plaintiff's Ex Parte Application* ("Order"), Dkt. No. 9 at p.3 ¶ A.

*1-1017*, 11-cv-02068-HAB-DGB (C.D. Ill. 2011); *Rock Tours, LTD v. Does,* 507 F. Supp 63 (N.D. Ala. 1981).

### 2. The Court has Acknowledged that the Does are Defendants who can Proceed Anonymously.

In similar matters, there has been no question for this Court as to the status of Movants as Defendants.

> "[P]rotections for the Doe Defendants are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court."

*Patrick Collins Inc. v. Does*, No. 10-cv-04468-LB, 2011 U.S. Dist. LEXIS 89833, at *2 (N.D. Cal. Aug. 12, 2011) (Order granting provisional permission for Doe Defendants to proceed anonymously.) (citing *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-cv-00575-MMA, 2011 U.S. Dist. LEXIS 51526, at *6 (S.D. Cal. May 12, 2011); *IO Group, Inc. v. Does 1-19*, No. 10-cv-03851-SI, 2010 U.S. Dist. LEXIS 133717, at *2 (N.D. Cal. 2010)). See also *Arista Records LLC v. Doe*, No. 07-cv-01649-CKK, 2008 U.S. Dist. LEXIS 34407 (D.D.C. April 28, 2008) (Does have standing to quash subpoenas to third parties.)

Regardless, for Moving Defendants, federal courts grant an exception to the general rule that a suit may not be maintained unless the defendant has been made a party by service of process in situations where the otherwise unavailable identity of the defendant will eventually be made known through discovery. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). As the Court in *Simmons* observed, the Moving Defendants may be designated by a fictitious name, such as Doe, if their true names are unknown to the Plaintiff and the Plaintiff *intends* to substitute the real name of the Moving Defendants once their true names are ascertained. *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011). Though expedited discovery was granted on August 24, 2011, Plaintiff has yet to name a single Defendant in this matter (or any of its others)—perhaps because it never intends to.

Most importantly, a nonparty to an action cannot be subpoenaed to produce documents pursuant to Rule 45(b) if there is no legal proceeding contemplated. *Taylor v. Litton Medical Products, Inc.*, 19 Fed. R. Serv. 2d 1190, 1191-1192 (D. Mass. 1975).[7]

---

[7] Plaintiff's attorneys' established practice is to file suit, subpoena identities, repeatedly move to extend the service deadline and then voluntarily dismiss once the Court presses Plaintiff to further the litigation beyond discovery.

Named fictiously or not, even before being served with process, the Moving Defendants may answer the complaint and/or make an appearance in their own right or through counsel,[8] effectively waiving service but without waiving personal jurisdiction defenses.[9] Fictitiously named defendants, such as Movants, need only identify themselves as the unnamed party to be entitled to defend a claim against them. *Wilson v. Frakes*, 178 Cal. App. 2d 580 (Cal. Ct. App. 1960) (answer filed by defendant "'sued herein as John Doe,' according to the answer's introductory paragraph"). Such identification does not change the relationship between the parties nor the nature of the case. *Fede v. Clara Maass Hosp.*, 221 NJ Super 329, 336 (1987) ("the specific identification of the fictitiously-designated defendant does not result in a new party or a new cause of action."); *Dean v. Barber*, 951 F.2d 1210, 1215-16, (11th Cir. 1992) (District courts have created a limited exception to fictitious party pleading when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage.")

### B. This Court Lacks Personal Jurisdiction over Moving Defendants and Dismissal is Appropriate Under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

Among the defects in Plaintiff's business model, is that the Plaintiff has not met and cannot meet its burden to establish that this Court has either personal jurisdiction over the Moving Defendants or is the proper venue. Consequently, the Court may not authorize or enforce any discovery Plaintiff seeks about the Moving Defendants. Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). See also *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877 (7th Cir. 2006) (holding that a prima facie case for personal jurisdiction must be made **before** discovery is allowed); *Enterprise Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985) (no authority to issue preliminary relief without personal jurisdiction); *accord United Elec. Radio & Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (same).

But here there is no controversy. Plaintiff itself admits to its ability to determine, via the IP addresses they've collected, the physical address of each Moving Defendant.

---

[8] *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.*, 114 Cal. App. 4th 1135 (Cal. App. 4th Dist. 2004); *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32 (Cal. App. 2d Dist. 2004); *Bayle-Lacoste & Co., Inc. v. Superior Ct. of Alameda County*, 46 Cal. App. 2d 636, 644 (Cal. Ct. App. 1941).

[9] *Colbert v. International Security Bureau, Inc.*, 79 A.D. 2d 448, 457, 462 (N.Y. App. Div. 2d 1981); *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987); *Morreale v. Cripple Creek*, 113 F.3d 1246 (10th Cir. 1997).

> "[W]e could determine that of the 1474 Doe Defendants in this case, at least 1 out of every 5 of the IP addresses is associated with [a] physical address that is likely in California."

*Nicolini Declaration,* p. 8-9 at ¶ 23.

> "In addition, CEG uses available databases to record the name of the ISP having control of the IP address and *the state (and often the city) associated with that IP address.*"

*Plff's Application,* Dkt. No. 5, p. 6 (emphasis added) At the time Plaintiff filed its complaint, it knew the Moving Defendants were not residents of California.

It is not an abuse of discretion to deny jurisdictional discovery "when it is *clear* that further discovery would *not* demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines, Inc. v. GPA Group, Inc.,* 877 F.2d 793, 801 (9th Cir. 1989) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n. 24 (9th Cir. 1977); *Enterprise Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985) (no authority to issue preliminary relief without personal jurisdiction); *United Elec. Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (same). Therefore, the jurisdictional question is a live issue that the Court can and should consider before allowing this action to move any further.

The Constitution imposes on Plaintiff the burden of establishing personal jurisdiction as a fundamental matter of fairness, recognizing that the Moving Defendants should not be forced to have their rights and obligations determined in a jurisdiction with which they have had no contact. These requirements "give[] a degree of predictability to the legal system that allow potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Accordingly, it is the *Plaintiff* who bears the burden of pleading facts sufficient to support the Court's exercise of personal jurisdiction over the Moving Defendants. Reciting personal jurisdiction requirements is not enough, nor are the assertions of legal conclusions; rather, Plaintiff must assert the factual basis underlying its claims. See, e.g., *Int'l Shoe Co. v. Washington*, 66 S. Ct. 154, 159-160 (1945); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (the plaintiff bears the burden of establishing that jurisdiction is proper once disputed); *uBID, Inc. v. The GoDaddy Grp., Inc.*, 623 F.3d 423, 423 (7th Cir. 2010) (stating that plaintiff bears the burden of making a prima facie case for personal jurisdiction).

Plaintiff has offered two theories for the Court's exercise of personal jurisdiction over the Moving Defendants: first, that "each Defendant may be found in this District" and second (in the alternative) that "the acts of infringement complained of herein occurred and/or have a significant impact in this District." *Complaint* at ¶ 2. Plaintiff has refuted the first theory itself, and has not made a *prima facie* showing for second allegation for the Movants. Consequently, the motion to quash should be granted.

### 1. Plaintiff Has Not Made a Prima Facie Showing that the Court Has Personal Jurisdiction Over the Moving Defendants Based on Domicile.

Federal courts may exercise personal jurisdiction over individuals whose domicile is within the jurisdiction.[10] See, e.g., *Milliken v. Meyer*, 311 U.S. 457, 463-64 (1940); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 104 S. Ct. 1868, 1872-1873 (1984) (holding "[a] defendant domiciled in a forum state or who has activities that are "substantial" or "continuous and systematic" is subject to the general jurisdiction of that state"). For this reason Doe defendants are disfavored because their citizenship is generally undetermined and thus is subject to challenge.

The only jurisdictional facts alleged by Plaintiff are the IP addresses identifying the Moving Defendants, and the date and time of the Moving Defendants' alleged activities that it includes as Exhibit A to its Complaint. *Complaint* at ¶ 5; Ex. A. If the identities of the Moving Defendants were truly not known, then Plaintiff's allegations about their citizenship would be "mere guesswork" and jurisdiction would not be found. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). See also *McAllister v. Henderson*, 698 F. Supp. 865, 868 (N.D. Ala. 1988) (citing *Molnar v. National Broadcasting Company*, 231 F.2d 684 (9th Cir. 1956)). But here the allegation that the Moving Defendants are citizens of California is more than unfounded guesswork, it is a falsehood. As Moving Defendants have demonstrated, the available evidence—which was in Plaintiff's possession before it filed its Complaint—indicates that the Plaintiff had no business whatsoever invoking this Court's

---

[10] As pled, Plaintiff alleges that the Court has personal jurisdiction over the Moving Defendants is based on "residen[cy]" as opposed to domicile. *Complaint* ¶ 2. Residency is an insufficient basis for personal jurisdiction as individuals may have several residencies but only one domicile at a time. 28 U.S.C. § 1332. See, e.g., *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (disputing an argument that one can have two residencies, choosing one as his domicile "because it makes changing one's domicile too easy"). *Congress of Racial Equality v. Clemmons*, 323 F.2d 54 (5th Cir. 1963) ("Residence alone is not the equivalent of citizenship"). Movants will treat Plaintiff's jurisdictional allegation as one based on domicile and not residency for purposes of this brief.

jurisdiction against the Moving Defendants.[11] With no evidence supporting the claim that Moving Defendants are "residents" of California, and with the only proffered allegations supporting the opposite conclusion, the Court can not exercise personal jurisdiction over the Moving Defendants. Therefore, the jurisdiction of the court is not established.

### 2. Plaintiff Has Not Made a Prima Facie Showing that the Court Has Personal Jurisdiction Over the Movants Based on Acts in the State of California.

Plaintiff alternatively argues that the Court has personal jurisdiction over the Moving Defendants because the alleged acts of copyright infringement "occurred in this District." *Complaint* at ¶ 2. In order for the Court to exercise personal jurisdiction over the non-consenting, non-resident Moving Defendants, suit in this forum must be consistent with the requirements of the Due Process Clause. Accordingly, the Plaintiff must demonstrate that: (1) the non-resident Moving Defendants had "minimum contacts" with the forum and that (2) requiring the Moving Defendants to defend their interests in that California "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.* at 160 (quoting *Milliken v. Meyer*, 311 U.S. 457 at 463). Plaintiff has not met its *prima facie* burden supporting this jurisdictional argument either.

To the extent that Plaintiff claims a more expansive theory of personal jurisdiction based on the nature of the Internet, courts have long rejected such theories of "Internet jurisdiction." As the Fourth Circuit explained in *ALS Scan v. Digital Service Consultants*, 293 F.3d 707 (4th Cir. 2002):

> The argument could . . . be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. .. **But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated.**
>
> In view of the traditional relationship among the States and their relationship to a national government with its nationwide judicial authority, it would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet. . . . **That thought certainly would have been considered outrageous in the past when interconnections were made only by telephones.**

*Id.* at 712-713 (citations omitted) (emphasis added). Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations where the defendant "(1) directs electronic

---

[11] Not only does this submission indicate that the Moving Defendants are not residents of California it shows that the Moving Defendants were outside of California when the allegedly infringing activity took place.

activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Id.* at 714. See also *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Ninth Circuit similarly rejects the notion of "Internet jurisdiction," applying the standards set forth in *World-Wide Volkswagen* and *International Shoe* to the concept of the Internet.

> In copyright infringement actions, *venue is proper "in the district in which the defendant or his agent resides or may be found."* 28 U.S.C. § 1400(a). The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures*, 106 F.3d at 289.

*Brayton Purcell LLP v. Recordon,* 606 F.3d 1124, 1126 (9th Cir. 2010). See also *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *CollegeSource, Inc.* at 1076 (holding if defendants' alleged online actions were sufficient to support general jurisdiction in every forum in which they interacted, "the eventual demise of all restrictions on the personal jurisdiction of state courts" would be the inevitable result.)

Likewise, in *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000), the court noted:

> **Indeed, under this view, personal jurisdiction in internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction.** … In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence. Our sister circuits have not accepted such an approach, and neither shall we.

*Id.* at 1350. (emphasis added).

Despite rapid technological progress, courts have refused to let such change herald the demise of all restrictions on personal jurisdiction or the erosion of these principles. In truth, Plaintiff has alleged absolutely nothing to indicate that this Court might constitutionally assert jurisdiction over the Moving Defendants, beyond the barest of inferences that the alleged act(s) of infringement may have occurred in California and/or have a significant effect within the state. *Complaint* at ¶ 2. Such forms of isolated, speculative and altogether unsupported forms of contact are never sufficient to support jurisdictional discovery, let alone a finding for personal jurisdiction. *Caribbean Broadcasting System, Ltd., v. Cable & Wireless, PLC*, 148 F.3d 1080, 1090 (D.C. 1998).

Even if Plaintiff's allegations are assumed to be true for the purpose of evaluating a Motion to Dismiss, Plaintiff has identified no specific facts in its complaint which would support a conclusion that the Moving Defendants caused tortious injury in California. Similarly, Plaintiff has not identified any facts that would support a conclusion that Moving Defendants engaged in the "regular" and "persistent" contacts with California or that Moving Defendants derived "substantial revenue" from "goods used or consumed or services rendered" in California. Any of which would be necessary to support jurisdiction over Moving Defendants. It has been settled law for decades that the burden is on the *Plaintiff* to establish that the Court possesses sufficient jurisdiction over the non-resident Moving Defendants. *See e.g., Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. Nev. 1977) (stating that plaintiffs bear the burden of establishing jurisdictional facts)).

This principle was reinforced by the U.S. Supreme Court's holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court held that "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that *because they are no more than conclusions*, are not entitled to the assumption of truth. " *Iqbal* at 884. (emphasis added). The *Iqbal* Court recognized that a motion to dismiss usually, if not always, comes before the Court prior to discovery. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal* at 884. However, in the instant action such "well-pleaded factual allegations", with regard to the Court's personal jurisdiction over the Moving Defendants is conspicuous by their absence from Plaintiff's complaint. "The plaintiff, after all, must carry the burden of proving jurisdictional facts once jurisdiction is challenged, and unsupported assertions in the complaint are not adequate to meet a challenge." *Klingler v. Yamaha Motor Corp.,* 738 F. Supp. 898, 910 (E.D. Pa. 1990) *(citing Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63-65 n.9 (3d Cir. 1984)).

In the immediate case, even assuming that the Moving Defendants were the actual infringers, there is no evidence that the Moving Defendants were aware of such a connection. Consequently,

Plaintiff has made no *prima facie* showing that the Moving Defendants had any idea that Plaintiff would suffer any harm in California.[12]

### C. Because the Court Lacks Personal Jurisdiction over Moving Defendants, the Subpoena for Moving Defendants' Record Should be Quashed.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), this Court must quash a subpoena when it appears that the subpoena would subject "a person" to undue burden. For the reasons set forth above, this Court lacks personal jurisdiction over Moving Defendants in compliance with Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Plaintiffs have alleged no facts which would indicate they believe the Moving Defendants are the actual infringers or possess information which would be relevant to this case if any individual defendant were a non-party. Accordingly, if the Moving Defendants cannot be added to this action in this Court, than there is no justification for the undue burden being placed upon the Moving Defendants. The subpoena should therefore be quashed and the claims dismissed.

### D. Plaintiff Has Improperly Joined Moving Defendants Based on Entirely Disparate Alleged Acts.

While "joinder of claims, parties and remedy is strongly encouraged," Fed. R. Civ. P. 20 sets forth specific standards for permissive joinder. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from a single transaction or a series of closely related transactions.

Though an action may not be dismissed for misjoinder, the Court may drop a party at any time. Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). See, e.g. *IO Group, Inc. v. Does 1-19*, No. C. 10-03851 SI, at * 3-4 (N.D. Cal. Dec. 7, 2010), *IO Group, Inc. v. Does 1-435*, No. C. 10-04382 SI, at * 2 (N.D. Cal. Jan. 10, 2011). In doing so, the Court may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the possibility of prejudice to the Moving Defendants and the motives of the Plaintiff in seeking joinder. *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980). See also *Coleman v. Quaker Oats*, 232 F.3d 1271, 1296 (9th Cir. 2000)). Moving Defendants, none of which are California residents, have demonstrated both the undue burden being placed upon them as well as the Plaintiff's established pattern of litigation abuse.

---

[12] Plaintiff's assertion of jurisdiction over the Movants on the premise that "Americans have long known that California is the center of adult motion picture production" is cockeyed. *Plff's Appication* at p. 24. It's akin to saying jurisdiction in Kentucky is proper if one steals a bottle of Jack Daniels because the harm was arguably felt there.

Nonetheless, Plaintiff asserts that its allegations satisfy the pleading requirements for joinder at this stage of the litigation. *Plff's Application* at pp. 11-19. Citing two cases from this District, Plaintiff argues that assessing joinder at this stage in the litigation is premature because the early discovery seeks to learn only identifying facts necessary to permit service on the Moving Defendants. *Id.* at pp. 18-19 (citing *Hard Drive Productions v. Does 1-42*, 11-cv-01956-EDL (N.D. Cal. August 3, 2011); and *MCGIP, LLP v. Does 1-18*, 11-cv-01495-EMC, 2011 U.S. Dist. LEXIS 64188 (N.D. Cal. June 2, 2011).

Plaintiff's argument fails. Even assuming that the Moving Defendants were the actual infringers, entered the same swarm and downloaded the same seed file, Plaintiff has failed to show that any of the Moving Defendants actually exchanged any piece of the seed file with one another or any other of the 1471 Defendants.[13] See *Boy Racer Inc. v. Does 1-60*, 11-cv-01738-SI, 2011, 2011 U.S. Dist. LEXIS 92994, at *4 (N.D. Cal. Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant"). Plaintiff's complaint attempts to address this issue by alleging that

> "Each Defendant has acted in cooperation with the other Defendants by agreeing to provide, and actually providing, on a P2P network an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works. Further in this regard, all the Defendants entered the same BitTorrent swarm to engage in unlawful reproduction and distribution of Plaintiff's copyrighted Motion Picture."

*Complaint*, at pp. 3-4, ¶ 11. Here, the alleged "chain of data distribution" includes the Moving Defendants and 1471 others, and spans nearly 17 months/300 separate days between January 2010 and May 2011. See *Complaint* at pp. 2-5; Ex. A. Absent evidence that the Moving Defendants actually acted in concert to illegally download "Big Bang Theory: XXX Parody" during those 300 separate days (and Plaintiff provides none), joinder is inappropriate. *See, e.g., Boy Racer* at *4; *Hard Drive Productions, Inc. v. Does 1-188,* 11-cv-01566-JCS, 2011 U.S. Dist. LEXIS, at *7-14 (N.D. Cal. Aug. 23, 2011) (collecting cases); *AF Holdings LLC v. Does 1-97*, 11-cv-03067-CW, 2011 U.S. Dist. LEXIS 78636, at *4 (N.D. Cal. July 20, 2011) (holding that even though BitTorrent protocols differ from previous peer-to-peer platforms, joinder is improper).

---

[13] Note that the *Nicolini Declaration* at p. 3 makes the argument that every member of the swarm is both a downloader and uploader of content. If accepted as true, Plaintiff makes no statement as to how they prevented themselves from further distributing the work when they joined the swarm to download copies from infringers. *Id.* at p.6. If so, then every Defendant after the first recorded infringer moving forward would have an implied license to distribute.

More so, the problem with litigating against alleged members of a swarm is that not every member of the swarm is actively participating in the distribution of a file. Some members of a swarm simply and automatically pass on routing information to other clients, and never possess even a bit of the movie file.[14]

Because of this fundamental constraint on the collaboration between users of BitTorrent, the Plaintiff cannot meet the permissive joinder requirement of Fed. R. Civ. P. 20(a)(2)(A). Although Plaintiff explains the protocol and how it differs from its predecessor P2P programs, and specifically claims that Moving Defendants have engaged in a civil conspiracy (*Plff's Application* at 11-19), Plaintiff still has failed to demonstrate that it has "any right to relief against [Moving Defendants] … arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff does not distinguish what role (uploader, downloader or helper), if any, that the Moving Defendants played in the alleged conspiracy. This deficiency proves fatal to Plaintiff's attempt to join Moving Defendants because the only commonality between Moving Defendants is that each allegedly "commit[ted] the exact same violation of the law in exactly the same way." *LaFace Records, LLC v. Does 1-38*, No. 07-cv-00298-BR, 2008 U.S. Dist. LEXIS 14544, at *2 (E.D. N.C. Feb. 27, 2008) (citation & quotation marks omitted).

More so, Plaintiff's business model effectively precludes consideration of joinder at a later point in the proceedings. By not naming or serving a single defendant, Plaintiff ensures that this case (as it did with the others) will not progress beyond its expedited discovery request and therefore, the Court will never have the opportunity to evaluate the issue of joinder. Deferring a ruling on joinder, then, "encourages Plaintiff[] … to join (or misjoin) as many doe defendants as possible." See *Arista Records, LLC v. Does 1-11*, 07-cv-02828-KMO, 2008 U.S. Dist. LEXIS 90183, at *17 (N.D. Ohio 2008) (citation omitted). Consequently, the Court's decision to address joinder at this point is critical to ensuring compliance with the Federal Rules of Civil Procedure. See *Boy Racer, Inc.* supra at *4 n.1.

> "Postponing the issue of joinder to a day that in all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees. While Plaintiffs are certainly entitled to vindicate their rights, *they must play by the Federal Rules in doing so*."

---

[14] Sengupta, S. et al., *Peer-to-Peer Streaming Capacity, in* IEEE Transactions on Information Theory, Vol. 57 Issue 8, pp. 5072-5087, at 5073 (Prof. Helmut Bolcski, ed., 2011) ("A [BitTorrent] user may be the source, or a receiver, or a helper *that serves only as a relay.*") (emphasis added).

*Arista Records LLC* at *16 (emphasis added) (quoting *Sony BMG Music Entm't v. Does 1-5*, No. 07-cv-02434-SJO (JCx) (C.D. Cal. Aug. 29, 2007)).[15]

The Court should at minimum exercise that discretion in this case. Joining thousands of unrelated defendants in one lawsuit here may make litigation less expensive for Plaintiff, but it is prejudicial to the Moving Defendants.[16] Accordingly, the Moving Defendants respectfully request that the Court cure Plaintiff's improper joinder in this case by severing and dropping the Moving Defendants from this action.

### E. Plaintiff's Action will not Identify the Actual Infringers or Survive a Motion to Dismiss.

On August 22, 2011, Plaintiff, as it has done in its other cases, sought leave to take "limited discovery" citing data provided by CEG as the basis for the request. See generally, *Plff's Application*. In doing so, Plaintiff misrepresented 1) that courts routinely allow discovery to identify "Doe" defendants; and 2) the requested discovery … is necessary … to determine the true name and address of the individuals who performed the infringing acts. *Id.* at p. 9.

Plaintiff cites *Wakefield* among others for these principals.[17] *Plff's Application.* at pp. 7-8. However, the Ninth Circuit has made it clear that exceptions to the general rule against expedited discovery are disfavored. See *AF Holdings LLC v. Does 1-96*, 11-cv-03335-JSC (N.D. Cal. 2011) pp. 3-4; *Boy Racer, Inc. v. Does 1-52*, 11-cv-02329-PSG (N.D. Cal. 2011) at *3. That is, the Court should grant the Plaintiff early discovery to determine Moving Defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield* at 1163 (citing *Gillespie*). The Moving Defendants have established that they are named parties and that Plaintiff's complaint can not survive a motion to dismiss.

---

[15] Plaintiff could, and should, have filed against Doe defendants collectively in the proper jurisdictions (i.e. Massachusetts Does in Massachusetts, etc.), but chose not to.

[16] See *On the Cheap, LLC* for detailed opinions as to why joinder is improper here. Other courts in this district and elsewhere have found misjoinder in similar copyright infringement cases. *See, e.g., Diabolic Video Prods. v. Does 1-2099*, No. 10-cv-05865-PSG, 2011 U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Digital Sin, Inc. v. Doe*, No. 11-cv-04397-LB; 2011 U.S. Dist. LEXIS 128033, at *6-10, (N.D. Cal. Nov. 4, 2011); *Pac. Century Int'l, Ltd. v. Doe*, No. 11-cv-02533-DMR, 2011 U.S. Dist. LEXIS 73837, at *7-14 (N.D. Cal. July 8, 2011) (collecting cases); *IO Group, Inc. v. Does 1-435*, No. 10-cv-04382-SI, 2011 U.S. Dist. LEXIS 14123, at *3-6 (N.D. Cal. Feb. 3, 2011) (collecting cases). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See, e.g., Pac. Century Int'l* at *12-13.

[17] *Wakefield v. Thompson*, 177 F.3d 1160, 1162-1163 (9th Cir. 1999). (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)): see also *Gomez v. Serv. Employees Int'l Local 87*, 10-cv-01888-RS (N.D. Cal. November 12, 2010)

Nor can Plaintiff, in good faith, claim that discovery will uncover the identities of the actual infringers. In *VPR Internationale v. Does 1-1017,* 11-cv-02068-HAB-DGB, Dkt. No. 15 (C.D. Ill. 2011), Judge Baker, noted that the subscriber information revealed by the ISP discovery

> "does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network."

*VPR Internationale* at p. 2. As an "extraordinary remedy," expedited discovery may not be granted especially where the requested discovery will not give Plaintiff sufficient information to name any—let alone all—of the *actual infringers* in this case. Given Plaintiff's failure to name any Defendant in any of its cases, the discovery Plaintiff seeks here is clearly insufficient.

Most importantly, Rule 15(c)(3) permits an amended complaint "to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party*.'" *Ramos-Santoya v. Ins. Co. of the Pa.*, No. 08-cv-01868-LJO-GSA, 2009 U.S. Dist. LEXIS 42243, *8 (E.D. Cal. May 7, 2009) (mere lack of knowledge of proper party insufficient) (citing *Wilson v. U.S.*, 23 F.3d 559, 563 (1st Cir. 1994)). See also *Sukh Deo Singh v. Life Ins. of Am.*, No. 08-cv-01353-SBA, 2010 U.S. Dist. LEXIS 98218, *17 (N.D. Cal. Sept. 3, 2010); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (no relation back when plaintiff initially had no knowledge of defendant's identity).

In this case, there is no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3). Rather, Plaintiff admittedly lacks knowledge of the proper party. In other words, Plaintiff fully intended to sue the Moving Defendants, it did so, and the Moving Defendants may likely turn out to be the wrong parties. "We have no doubt that Rule 15(c) is not designed to remedy such mistakes." *Wilson* at 563. Which begs the question, then why are the Moving Defendants being sued?

As more than one court has noted, what the Plaintiff attempts here is "to pervert the rules of discovery, jurisdiction and joinder and then offer to settle with the Defendant(s) so they can avoid digging themselves out of the morass the Plaintiff is creating." *On the Cheap, LLC* at p. 11.

## V. CONCLUSION

A court order allowing the discovery may be appropriate "where the need for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.* at 276.

Plaintiff has the right to seek legal redress for alleged copyright infringement, but it must follow the basic procedures and due process requirements applicable to all civil litigation. Moving Defendants therefore respectfully urges this Court to vacate its ruling on Plaintiff's Motion for Expedited Discovery, quash any outstanding subpoenas already issued by the Plaintiff, and require Plaintiff to immediately notify their recipients that the subpoenas have been quashed. Moving Defendants also suggests that the Court dismiss the action *sua sponte* and require that Plaintiff refile cases against Defendants in courts that can properly exercise jurisdiction.

Dated: November 28, 2011

Respectfully,

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Pro Hac Vice Appearance*

**CERTIFICATE OF SERVICE**

      I, Jason Sweet, hereby certify that on this November 28, 2011, I electronically filed the foregoing Consolidated Motion & Memorandum to Quash Subpoena Pursuant to Fed.R.Civ.P. 45(c)(3) or in the Alternative to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3), by using the ECF system, thereby causing a true copy of said documents to be served upon counsel of record for each Defendant identified on the Notice of Electronic Filing.

                                                              /s/ Jason Sweet