Doe # 1353
I.P. Address 97.95.226.242

FILED
NOV 2 9 2011
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

New Sensations, Inc. v. Does 1-1,474
Case No. C 11-2770-MEJ

Clerk's Office
United States District Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

United States District Court
Northern District of California

New Sensations, Inc.,

Plaintiff

v.

Does 1-1,474,

Defendant

Case No. C 11-2770 MEJ

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR MISJOINDER AND MOTION TO QUASH SUBPOENA**

To the Honorable Judge Maria-Elena James:

I respectfully move to dismiss and/or quash a portion of the subpoena on the grounds that the Court lacks personal jurisdiction over me with regard to the subpoena dated August 24, 2011, which directs Charter Cable to produce my

identifying information. I received a letter from my Internet Service Provider (ISP), dated November 2, 2011. A redacted copy of this letter, labeled Exhibit A, is attached to this Motion to Dismiss/Quash. The letter states that my I.P. Address is 97.95.226.242 and advises that I have until December 2, 2011, 4:00 pm CT to file a motion to quash the subpoena and object to the production of personal information. As a result, I now submit motion within the aforementioned time period, by mail.

The subpoena should be quashed and/or dismissed because there is an insufficient relationship between Plaintiff's claim(s) and my contacts with California to justify the Court's jurisdiction over me. Due process requires that a defendant be sued in a jurisdiction where the Court has personal jurisdiction over that defendant. <u>World-Wide Volkswagen Corp. v. Woodson</u> 444 U.S. 286, 297 (1980). Jurisdiction over a defendant may be general or specific in nature. Specific jurisdiction may exist only when the defendant has purposefully availed himself of the benefit of the jurisdiction through contacts with the forum.

The constitutional standard is whether the defendant had certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945). As I do not reside, work, or conduct business in California; have not contracted to supply services in California; the IP address that is identifies as assigned to me is not within the jurisdiction of the court; I have no interest in nor use any real property in California; I do not consent to personal jurisdiction in California; I have no normal business in California; I have had no recent contact with California with the exception of receiving the subpoena at issue here; and I have no other significant relationship with California, then it is improper and against the traditional notions of fair play and substantial justice to subject me to this lawsuit in this jurisdiction. It would also be improper for Charter to be required to turn over my identifying information to Plaintiff.

In addition, this case is virtually identical to On the Cheap, LLC v. Does 1-5011, Case No. C10-4472 in the U.S. District Court, Northern District of California, San Francisco Division (Honorable Judge Bernard Zimmerman).

In that case, Judge Zimmerman severed and dismissed for improper joinder all but one defendant whose IP address was identified as within the Court's jurisdiction. Judge Zimmerman also quashed the subpoenas without prejudice to refilling in an appropriate jurisdiction.

Although I am proceeding in this matter *Pro Se*, I did consult with an attorney and my pleadings were prepared after receiving assistance from an attorney.

Respectfully submitted,

Doe # 1353

Doe #1353

(IP Address 97.95.226.242)

Pro Se

Doe # 1353
I.P. Address 97.95.226.242

FILED
NOV 29 2011
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

New Sensations, Inc. v. Does 1-1,474
Case No. C 11-2770-MEJ

Clerk's Office
United States District Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

United States District Court
Northern District of California

New Sensations, Inc.,

Plaintiff

v.

Does 1-1,474,

Defendant

Case No. C 11-2770 MEJ

**MOTION TO PROCEED ANONYMOUSLY**

To the Honorable Judge Maria-Elena James:

I respectfully request that this Honorable Court permit me to proceed anonymously as Doe # 1353 and, in support of this motion, state as follows:

I recognize the importance of public access to court proceedings; however, I am not seeking to proceed pseudonymously through the trial stage of the case, if any, but am seeking a much narrower privilege of pseudonymously challenging the propriety of a subpoena during the pretrial phase of the litigation.

On or about November 5, 2011, I received a letter from my Internet Service Provider, Charter Communications ("Charter"); a redacted version is attached as Exhibit A to my motion to dismiss. The letter identifies my IP address as 97.95.226.242. Attached to the letter was a subpoena requiring Charter to disclose my name, address, and other personally identifying information. The letter stated that I had until the deadline of December 2, 2011, 4:00 pm CT to contest the subpoena. I have contested the subpoena by filing with this Court a Motion to Dismiss for Lack of Personal Jurisdiction and/or Misjoinder and Motion to Quash Subpoena.

Anonymity has been granted to parties in previous cases addressing parties' rights to privacy where the injury being litigated against (the disclosure of personally identifiable information) would be incurred should the party be required to disclose its identity. See Roe v. Ingraham, 364 F. Supp. 536.541 (S.D.N.Y. 1973). Such a privacy claim exists here; I cannot disclose my identity without incurring the very injury being litigated against.

As discussed more fully in my Motion to Quash Subpoena, this Court lacks personal jurisdiction over Doe #1353 (IP address 97.95.226.242). I respectfully request the Court permits me to proceed under the pseudonym Doe # 1353.

Although I am proceeding in this matter *pro se*, I did consult with an attorney and my pleadings were prepared after receiving assistance from an attorney.

Respectfully submitted,

Doe # 1353

Doe #1353

(IP Address 97.95.226.242)

Pro Se

I would also like to make the Court aware that I have mailed, via first-class pre-paid postage, a true and correct copy of the foregoing Motion to Quash Subpoena and Motion to Dismiss for Lack of Personal Jurisdiction and/or Misjoinder to:

Clerk's Office
United States District Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Ira M. Siegel
Law Offices of Ira M. Siegel
433 N. Camden Dr.
Suite 970
Beverly Hills, CA 90210
Attorney for Plaintiff

Doe #1353

Doe #1353

(IP Address 97.95.226.242)

Pro Se

FILED
NOV 2 9 2011
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# Exhibit A

Charter™

Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

**IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY**

November 2, 2011

***OBJECTION DEADLINE***

# December 2, 2011, 4:00 pm CT

**References Used In This Notice**

- Court Case: New Sensations, Inc. (the "Plaintiff") v. Does 1-1474, Court Case No. CV-11-2770-MEJ
- Court: United States District Court for the Northern District of California
- Copyrighted Work: Big Bang Theory A XXX Parody
- Identifying Information: Accountholder Name, Address(es), Telephone Number, Email Address(es), Modem MAC address
- Charter Case Number: 11-3730
- Your ID Number: 1353

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court by the objection deadline stated above. Copies of the court order and subpoena are attached, as well as any other documentation that may have been court-ordered to be provided with this notice.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time.
97.95.226.242 00:23:a2:7c:99:f0 00:1c:10:33:44:ef 2010-09-19 19:07:12 2010-12-30 16:29:07

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team" via facsimile at 314-909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

Please note that the objection deadline provided in this letter and the due date on the subpoena may not coincide as Charter may have been granted an extension to fulfill its obligations under this court order.

Questions regarding your legal rights should be directed to the attorney of your choice. If you or your attorney has questions regarding the subpoena itself, you should contact the requestor directly. If you have any questions regarding your Account, Charter's policies or this correspondence, you should review the attached FAQs or the named accountholder may call Charter's Security Department directly at 866-228-0195. Please have this letter in hand if you call because you will be asked to confirm information contained herein.

Sincerely,

**Charter Communications, Inc.**

Enclosures

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

New Sensations, Inc.
*Plaintiff*
v.
DOES 1-1474
*Defendant*

Civil Action No. CV-11-2770-MEJ

(If the action is pending in another district, state where: Central District of California )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, CHARTER COMMUNICATIONS (hereinafter "ISP"), Law Enforcement Paralegal
12405 Powerscourt Drive, Saint Louis, MO 63131

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: | Date and Time: |
|---|---|
| Law Offices of Ira M. Siegel c/o BRS<br>100 Chesterfield Business Parkway, 2nd Floor<br>Saint Louis, MO 63005 | November 28, 2011 at 9:00 a.m. * |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

* Compliance with this subpoena may be a multi-step process pursuant to the Order attached (Attachment B). At least the first step should be completed by October 19, 2011, with all steps completed by the date set forth under "Date and Time" above: November 28, 2011. (See paragraphs 4 and 5 of the Order.)

Date: September 14, 2011

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Ira M. Siegel

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* New Sensations, Inc. , who issues or requests this subpoena, are:

Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, Email: subpoena@irasiegellaw.com, Telephone: 888-406-1004