UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NEW SENSATIONS, INC., | No. C 11-2770 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH** |
| v. | |
| DOES 1-1,474, | **Re: Docket No. 49 (subpoenaresponse@gmail.com)** |
| Defendants. | |
| _____/ | |

On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 13. The Court permitted Plaintiff to serve subpoenas on Does 1-1,474's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-1,474. *Id.* at 11. Once the ISPs provided Does 1-1,474 with a copy of the subpoena, the Court permitted Does 1-1,474 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

On November 18, 2011, an apparent Doe Defendant, identified only by the email address "subpoenaresponse@gmail.com," filed a Motion to Quash. Dkt. No. 49. In his motion, the Doe Defendant argues that there is no reasonable likelihood of being able to identify all defendants. However, the Court has addressed this issue in its September 22 Order and finds that it is without merit at this stage of the litigation. Dkt. No. 13. The Doe Defendant also raises factual disputes,

such as whether individuals other than the Doe Defendant used the IP address associated with the activity.  However, such fact-based arguments are premature and are properly considered once the Doe Defendant is a named party and the Court is able to decide such issues on a full record with evidence from both sides.  At this time, however, without any named defendants, the motion is not yet ripe.  The motion is therefore DENIED WITHOUT PREJUDICE on this ground and may be brought again once Plaintiff names the Doe Defendant as a defendant.  As there is no basis for giving any credence to an unsworn statement made by an anonymous person, the Court finds it inappropriate to quash the subpoena, thereby dismissing the Doe Defendant from this case, before Plaintiff has an opportunity to learn his identity and develop a full record.

Accordingly, the Doe Defendant's motion to quash is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge