

Christina M. Gagnier (State Bar #264578)
Gagnier Margossian, LLP
350 Townsend Street, Suite 206
San Francisco, CA 94107
Tel: (909) 447-9819
Fax: (909) 972-1639
Email: gagnier@gamallp.com

Attorney for Putative Defendant Doe 152 (IP Address: 173.60.130.235)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-1474,<br><br>Putative Defendants. | Case No. 3:11-CV-02770-MEJ<br><br>**DECLARATION OF DOE 152 IN SUPPORT OF PUTATIVE DEFENDANT DOE 152'S MOTION TO QUASH SUBPOENA** |

I, Doe 152, declare as follows:

1. I am the putative Defendant in the above captioned action going by the assigned pseudonym "Doe 152." My IP address is 173.60.130.235.

2. On <u>October, 31, 2011</u>, I received a letter from my Internet service provider, Verizon Internet Services, informing me I had been sued under my IP Address and the pseudonym Doe 152 by the Plaintiff in the above captioned action. The letter also explained that Verizon Internet Services had received a subpoena from Plaintiff requesting the release of my true name and address. This letter was mailed to my residence in <u>Chino, California</u>. A true and correct copy of this letter, with my street name and house number redacted, is attached to this declaration as **Exhibit 1**).

3. I am a resident of <u>Chino, California</u>. I am not a resident within the jurisdiction of the United States District Court for the Northern District of California.

4. I do not maintain, nor have I ever maintained, significant, substantial, ongoing, continuous

or systematic contacts, of either a commercial or personal nature, with any person, business or other entity within the jurisdiction of the United States District Court for the Northern District of California.

     5.     I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge, except for those matters stated as information and belief, and those matters I believe to be true, and if called upon to testify I can competently do so as set forth above.

Executed this 30th day of November, 2011 in Chino, California.

                                  /s/ Doe 152
                                  Doe 152

DECLARATION OF DOE 152 IN SUPPORT OF PUTATIVE DEFENDANT DOE 305'S MOTION TO QUASH SUBPOENA – CASE NO. 3:11-CV-02770-MEJ

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 30, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

GAGNIER MARGOSSIAN LLP

Dated: November 30, 2011          By:   /s/ Christina M. Gagnier
                                        Christina M. Gagnier

# Exhibit A

10/31/2011

**READ AT ONCE**

COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Central District of California.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does." The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking information and please find the IP address at the end of this letter that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED.
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time.
The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Fax Number: 325-949-6916

Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion.
If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at 888-406-1004, by email at subpoena@irasiegellaw.com.

But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

MIKE KAMER
12039 ROSWELL AVE
CHINO,CA 917101551
173.60.130.235     9/16/2010 9:00:33 PM          GMT

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| New Sensations, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-11-2770-MEJ |
| | ) | |
| DOES 1-1474 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Verizon Internet Services (hereinafter "ISP"), Legal Compliance
P.O. Box 1001, TXD01613, San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Law Offices of Ira M. Siegel c/o BRS<br>400 East Royal Lane, Building Three, Suite 290<br>Irving, TX 75039 | Date and Time:<br>November 30, 2011 at 9:00 a.m. * |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

* Compliance with this subpoena may be a multi-step process pursuant to the Order attached (Attachment B). At least the first step should be completed by October 21, 2011, with all steps completed by the date set forth under "Date and Time" above: November 30, 2011. (See paragraphs 4 and 5 of the Order.)

Date: September 26, 2011

CLERK OF COURT                                OR       *Ira M. Siegel*

_____                              _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
New Sensations, Inc. , who issues or requests this subpoena, are:
Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, Email: subpoena@irasiegellaw.com, Telephone: 888-406-1004

**ATTACHMENT B**

Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel: 310-435-7656
Fax: 310-657-2187

Attorney for Plaintiff New Sensations, Inc.

# UNITED STATES DISTRICT COURT

## Northern District of California

## San Francisco Division

| | |
|---|---|
| NEW SENSATIONS, INC., | No. C 11-2770 MEJ |
| Plaintiff, | (Proposed) AMENDED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY |
| v. | |
| DOES 1-1,474, | |
| Defendants. | |

This Order amends and replaces the Order issued by the Court on August 24, 2011 (Dkt. No. 9).

## I. INTRODUCTION

Plaintiff New Sensations, Inc. ("Plaintiff") has filed an *ex parte* Application pursuant to Federal Rules of Civil Procedure 26 and 45, requesting leave to take expedited discovery to determine the identity of 1,474 Doe Defendants (collectively, "Defendants") named in this action. Dkt. No. 5 ("Pl.'s App."). For the reasons provided below, the Court **GRANTS** Plaintiff's Application.

## II. BACKGROUND

On June 7, 2011, Plaintiff filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer ("P2P") file sharing network

(Proposed) Amended Order Granting Plaintiff's Ex Parte
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

**Attachment B - Page 1 of 12**

1 known as BitTorrent, and thereby violated the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶
2 6-15, Dkt. No. 1. Plaintiff alleges that because the alleged infringement occurred on the Internet,
3 Defendants acted under the guise of their Internet Protocol ("IP") addresses rather than their real
4 names. *Id.* at ¶ 10; Pl.'s App. at 5-6. As a result, Plaintiff contends that it cannot determine
5 Defendants' true identities without procuring the information from Defendants' respective
6 Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity.
7 Pl.'s App. at 6. Consequently, Plaintiff asks the Court to grant it expedited discovery to issue
8 subpoenas to the relevant ISPs so that the ISPs will produce the name, address, telephone
9 number, and email address for each Defendant. *Id.* at 25, Ex. 1.

### III. LEGAL STANDARD

11 Pursuant to Federal Rule of Civil Procedure ("Rule") 26(d)(1), a court may authorize
12 early discovery before the Rule 26(f) conference for the parties' convenience and in the interest
13 of justice. Courts within the Ninth Circuit generally use a "good cause" standard to determine
14 whether to permit such discovery. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011
15 WL 1938154, at *1 (N.D. Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*,
16 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited
17 discovery, in consideration of the administration of justice, outweighs the prejudice to the
18 responding party." *Semitool*, 208 F.R.D. at 276. The court must perform this evaluation in light
19 of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all
20 the surrounding circumstances." *Id.* at 275 (citation & quotation marks omitted). In determining
21 whether there is good cause to allow expedited discovery to identify anonymous internet users
22 named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party
23 with sufficient specificity such that the Court can determine that defendant is a real person or
24 entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken
25 to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion
26 to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being
27 able to identify the defendant through discovery such that service of process would be possible.
28 *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

(Proposed) Amended Order Granting Plaintiff's Ex Parte 2
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

Attachment B - Page 2 of 12

## IV. DISCUSSION

### A. Whether Plaintiff has Identified the Defendants with Sufficient Specificity

Under the first factor, the Court must examine whether Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subject to jurisdiction in this Court. *See id.* at 578. Here, Plaintiff proffers that it retained Copyright Enforcement Group, LLC ("CEG"), which utilized forensic software to identify Defendants' IP addresses on the date and time that they engaged in the alleged distribution of *Big Bang Theory: A XXX Parody* via the BitTorrent protocol, and has compiled the information into a log attached as Exhibit A to Plaintiff's Complaint. Pl.'s App. at 9; Decl. of Jon Nicolini ¶¶ 10-16, Dkt. No. 5-1. Plaintiff explains that Defendants gained access to the Internet only by setting up an account through various ISPs, and that by providing the ISPs the information detailed in Exhibit A, the ISPs can look up the Defendants' identities by reviewing their respective subscriber activity logs. Nicolini Decl. ¶¶ 18-20. Thus, the Court finds that Plaintiff has come forward with sufficient information demonstrating that the Defendants are real persons or entities who may be sued in federal court. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (finding that the plaintiff had identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleged the particular defendant engaged in the infringing conduct).

### B. Whether Plaintiff has Identified All Previous Steps to Locate Defendants

Under the second factor, the Court must assess the prior steps Plaintiff has taken to locate the Defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.* Here, Plaintiff contends that it has exhausted all possible means to find the Defendants' names, addresses, phone numbers, and email addresses. Pl.'s App. at 9. In support, Plaintiff cites to paragraphs 18 through 20 of Mr. Nicolini's Declaration. *Id.* Reviewing Mr. Nicolini's testimony, he states CEG's System inspects file-sharing networks for computers that are distributing at least a substantial portion of a copy of a copyrighted work

(Proposed) Amended Order Granting Plaintiff's Ex Parte  3
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

Attachment B - Page 3 of 12

owned by Plaintiff, and when CEG finds such a computer, CEG's System also collects publicly accessible information, including the time and date the infringer was found, the IP address assigned to the infringer's computer, the size of the accused file, and the name of the ISP having control of the IP address. Nicolini Decl. ¶ 18. Mr. Nicolini states that, because of the partially anonymous nature of the P2P Internet distribution system used by Defendants, CEG is unable to determine their true names, street addresses, telephone numbers, and email addresses. *Id.*

First, to locate swarms[1] where peers were distributing *Big Bang Theory: A XXX Parody*, CEG utilizes its data collection system to find digital files on the Internet that have the same title as the copyrighted work. *Id.* ¶¶ 11, 14. Mr. Nicolini states that, in this case, the P2P network on which CEG found unauthorized distribution of *Big Bang Theory: A XXX Parody* was a BitTorrent network. *Id.* ¶ 16. CEG then downloads a full copy of the file, which is then forwarded to a two-stage verification computer process and identified by two people. *Id.* ¶ 17. The process compares the digital data in the suspect file with digital data in a digital copy of the motion picture obtained from Plaintiff. *Id.* If the suspect file matches the authorized file, then the two people play the suspect file and watch the motion picture. *Id.* If both people confirm that a substantial portion of the motion picture in the suspect file is substantially the same as a corresponding portion of *Big Bang Theory: A XXX Parody*, then particular unique data (often referred to as metadata) in the suspect file is noted by CEG's System, and the System searches for additional computers on P2P networks that have the same suspect file. *Id.*

After locating and inspecting computers that are distributing at least a substantial portion of a copy of *Big Bang Theory: A XXX Parody*, Mr. Nicolini states that CEG's System collects (a) the time and date the infringer was found, (b) the time(s) and date(s) when a portion of the accused file was downloaded successfully to the accused infringer's computer, (c) the time and

---

[1] P2P networks distribute infringing copies of copyrighted works with file sharing software such as BitTorrent when one user accesses the Internet through an ISP and intentionally makes a digital file of a work available to the public from his or her computer. Nicolini Decl. ¶ 6. This file is referred to as the first "seed." *Id.* Other users, who are referred to as "peers," then access the Internet and request the file. *Id.* These users engage each other in a group, referred to as a "swarm," and begin downloading the seed file. *Id.* As each peer receives portions of the seed, that peer makes those portions available to other peers in the swarm. *Id.*

date the infringer was last successfully connected to via the P2P network with respect to the infringer's computer's downloading and/or uploading the accused file to the Internet, (d) the IP address assigned to the infringer's computer, (e) the P2P software application used by the infringer and the port number used by the infringer's P2P software, (f) the size of the accused file, (g) the percent of the file downloaded by CEG from the infringer's computer, (h) the percent of the accused file on the infringer's computer which is available at that moment for copying by other peers, and (i) any relevant transfer errors. *Id.* ¶ 18. In addition, CEG uses available databases to record the name of the ISP having control of the IP address and the state (and often the city or county) associated with that IP address. *Id.*

C. **Whether Plaintiff's Suit Against Defendants Could Withstand a Motion to Dismiss**

Under the third factor, the inquiry shifts to the substance of Plaintiff's claims and analyzes whether Plaintiff's Complaint would likely survive a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 579. In its Complaint, Plaintiff has asserted a federal copyright infringement claim. To state a claim for copyright infringement, Plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work that are original. *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "To be liable for direct infringement, one must 'actively engage in' and 'directly cause' the copying." *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004). Reviewing Plaintiff's Complaint, Plaintiff has adequately alleged that *Big Bang Theory: A XXX Parody* is the subject of a valid Certificate of Registration issued by the United States Copyright Office and that Plaintiff is the exclusive rightsholder of the distribution and reproduction rights of *Big Bang Theory: A XXX Parody*. Compl. ¶¶ 7, 8. Plaintiff has also alleged that the Defendants reproduced and distributed *Big Bang Theory: A XXX Parody* via BitTorrent to numerous third parties. Compl. ¶¶ 10-12. Additionally, Plaintiff has alleged that Defendants actively engaged in or directly caused the copying by completing each of the steps in the BitTorrent file-sharing protocol, including intentionally downloading a torrent file particular to *Big Bang Theory: A XXX Parody*, loading that torrent file into the BitTorrent client, entering a BitTorrent swarm particular to *Big*

(Proposed) Amended Order Granting Plaintiff's Ex Parte  5
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

**Attachment B - Page 5 of 12**

1  *Bang Theory: A XXX Parody*, and ultimately, downloading and uploading pieces of a *Big Bang*
2  *Theory: A XXX Parody* file to eventually obtain a whole copy of the file. *Id.* Based on these
3  allegations, the Court finds that Plaintiff has pled a *prima facie* case of copyright infringement
4  and set forth sufficient supporting facts to survive a motion to dismiss.

### D. Whether there is a Reasonable Likelihood of Being Able to Identify Defendants

The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable likelihood that the discovery it requests will lead to the identification of Defendants such that it may effect service of process. *See Columbia Ins.*, 185 F.R.D. at 580. As indicated above, Plaintiff contends that the key to locating the Defendants is through the IP addresses associated with the alleged activity on BitTorrent. Specifically, Plaintiff contends that because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve Defendants and proceed with this case. *See* Pl.'s App. at 6; Nicolini Decl. ¶¶ 19-20. Taking this into account, the Court finds that Plaintiff has made a sufficient showing as to this factor.

### E. Summary

Taking the foregoing factors into consideration, the Court finds that Plaintiff has demonstrated that good cause exists to grant it leave to conduct early discovery. Moreover, the Court finds that the expedited discovery sought furthers the interests of justice and presents minimal inconvenience to the ISPs to which the subpoenas are directed. Thus, the expedited discovery is in

line with Rule 26(d).

### F. Joinder of 1,474 Defendants

Having found that expedited discovery is appropriate, the question becomes whether the discovery sought is proper as to all 1,474 Defendants. Plaintiff presents a lengthy discussion in its Application as to why its decision to name join 1,474 Defendants is justified under Rule 20. *See* Pl.'s App. at 11-19. Under Rule 20, defendants may be joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences, and any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). The

(Proposed) Amended Order Granting Plaintiff's Ex Parte   6
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

Attachment B - Page 6 of 12

1 permissive joinder rule "is to be construed liberally in order to promote trial convenience and to
2 expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to*
3 *Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997). The
4 purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness
5 to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine*
6 *Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a) imposes two specific requisites
7 to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or
8 defendant relating to or arising out of the same transaction or occurrence, and (2) some question
9 of law or fact common to all the parties must arise in the action. Fed. R. Civ. P. 20(a). Both of
10 these requirements must be satisfied in order to justify party joinder under Rule 20(a). *Id.* In
11 situations of misjoinder of parties, Rule 21 provides that "[o]n motion or on its own, the court
12 may at any time, on just terms, add or drop a party."

13     1.     Same Transaction, Occurrence, or Series of Transactions or Occurrences

14 "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of
15 transactions or occurrences' to require a degree of factual commonality underlying the claims."
16 *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30,
17 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means
18 that a party "must assert rights . . . that arise from related activities-a transaction or an occurrence
19 or a series thereof." *Id.* (citation omitted). Recently, courts in this District – as well as several
20 other federal districts – have come to varying decisions about the propriety of joining multiple
21 defendants in BitTorrent infringement cases. *See MCGIP, LLC v. Does 1-149*, 2011 WL
22 3607666, at 3 (N.D. Cal. Aug. 15, 2011) (listing a sample of recent decisions). This Court has
23 carefully reviewed such decisions and notes that they are highly dependent on the information
24 the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the
25 specificity of the allegations regarding the Doe defendants' alleged infringement of the protected
26 work. Both of these factors guide the Court's joinder analysis in this matter as well. Reviewing
27 Plaintiff's Application and supporting materials, Plaintiff has provided a fairly detailed
28

(Proposed) Amended Order Granting Plaintiff's Ex Parte     7
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ

**Attachment B - Page 7 of 12**

1  explanation about how the BitTorrent protocol operates. *See* Nicolini Decl. ¶¶ 6, 7, 22. Mr.

2  Nicolini explains:

> P2P networks distribute infringing copies of motion pictures (and works in other forms such as music and books) with file sharing software such as BitTorrent as follows: The process begins with one user accessing the Internet through an Internet Service Provider ("ISP") and intentionally making a digital file of the work available on the Internet to the public from his or her computer. This first file is often referred to as the first "seed." I will refer to the person making this seed available as the "original seeder." Persons seeking to download such a work also access the Internet through an ISP (which may or may not be the same ISP as used by the original seeder) and seek out the work on a P2P network. With the availability of the seed, other users, who are referred to as "peers," access the Internet and request the file (by searching for its title or even searching for the torrent's "hash" - described below) and engage the original seeder and/or each other in a group, sometimes referred to as a "swarm," and begin downloading the seed file. In turn, as each peer receives portions of the seed, most often that peer makes those portions available to other peers in the swarm. Therefore, each peer in the swarm is at least copying and is usually distributing, as a follow-on seeder, copyrighted material at the same time. Of the over 20,000 infringers tracked in connection with several cases currently pending, at least 95% of the Doe defendants were uploading (i.e., distributing) illegal copies of our clients' motion pictures at the moment indicated by the Timestamp in the respective Exhibit A appended to each complaint, which is also true for this case. In P2P networks, the infringement may continue even after the original seeder has gone completely offline. Any BitTorrent client may be used to join a swarm. As more peers join a swarm at any one instant, they obtain the content at even greater speeds because of the increasing number of peers simultaneously offering the content as seeders themselves for unlawful distribution. As time goes on, the size of the swarm varies, yet it may endure for a long period, with some swarms enduring for 6 months to well over a year depending on the popularity of a particular motion picture.

18  Nicolini Decl. ¶ 6. Based on this information, the Court finds that Plaintiff has at least presented

19  a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a

20  single swarm downloading or uploading a piece of the same seed file may fall within the

21  definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes

22  of Rule 20(a)(1)(A).

23  Further, the Court finds that Plaintiff has provided enough specificity to make a

24  preliminary determination that the 1,474 Doe Defendants here were part of the same swarm.

25  Reviewing Exhibit A to Plaintiff's Complaint, Defendants' alleged infringing activity occurred

26  over a period of over nine months, from August 2010 through June 2011. *See* Compl, Ex. A.

27  While this period might seem protracted, with respect to any particular swarm, the hash (an

28  alphanumeric representation of a digital file) associated with the copied file's torrent file remains

1 the same within that swarm. Nicolini Decl. ¶ 6. For each of the 1,474 Doe Defendants, Plaintiff
2 has provided an identical hash. Compl, Ex. A. Based on these allegations, Plaintiff's claims
3 against the Doe Defendants appear logically related. Each putative Defendant is a possible
4 source for Plaintiff's copyrighted work, and may be responsible for distributing the work to the
5 other putative Defendants, who are also using the same file-sharing protocol to copy the identical
6 copyrighted material. *See Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)
7 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible."). While
8 the Doe Defendants may be able to rebut these allegations later, Plaintiff has sufficiently alleged
9 that its claims against the defendants potentially stem from the same transaction or occurrence,
10 and are logically related. *See Arista Records LLC v. Does 1–19*, 551 F. Supp.2d 1, 11 (D.D.C.)
11 ("While the Court notes that the remedy for improper joinder is severance and not dismissal, . . .
12 the Court also finds that this inquiry is premature without first knowing Defendants' identities
13 and the actual facts and circumstances associated with Defendants' conduct."). Plaintiff has
14 made a preliminary showing that these Defendants were present in the same *Big Bang Theory: A*
15 *XXX Parody* swarm on BitTorrent and shared pieces of the same seed file containing *Big Bang*
16 *Theory: A XXX Parody*.

17     2.    Question of Law or Fact Common to All Defendants

18 Rule 20(a)(2)(B) requires Plaintiff's claims against the putative Doe Defendants to
19 contain a common question of law or fact. Here, Plaintiff will have to establish against each
20 Defendant the same legal claims concerning the validity of the copyright in *Big Bang Theory: A*
21 *XXX Parody* and the infringement of the exclusive rights reserved to Plaintiff as copyright holder.
22 Furthermore, Plaintiff alleges that the Defendants utilized the same BitTorrent file-sharing
23 protocol to illegally distribute and download *Big Bang Theory: A XXX Parody* and, consequently,
24 factual issues related to how BitTorrent works and the methods used by Plaintiff to investigate,
25 uncover, and collect evidence about the infringing activity will be essentially identical for each
26 Defendant. *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 343 (D.D.C.
27 2011). The Court recognizes that each putative defendant may later present different factual and
28 substantive legal defenses "but that does not defeat, at this stage of the proceedings, the

1 | commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *Id.*

2 |     3.    Prejudice to Any Party or Needless Delay

Finally, the Court assesses whether joinder would prejudice the parties or result in needless delay. Joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants. *Id.* at 344; *London–Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (court consolidated separate Doe lawsuits for copyright infringement since the "cases involve similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider. Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Here, Plaintiff is currently obtaining identifying information from ISPs so that they can properly name and serve the defendants. If the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its copyright from illegal file-sharers and this would only needlessly delay the case. Plaintiff would be forced to file 1,474 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each defendant's identifying information. Plaintiff would additionally be forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights. "This would certainly not be in the 'interests of convenience and judicial economy,' or 'secure a just, speedy, and inexpensive determination of the action.'" *Call of the Wild*, 770 F. Supp. 2d at 334 (citation omitted) (declining to sever defendants where parties joined promotes more efficient case management and discovery and no party prejudiced by joinder).

Further, the Doe Defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to Plaintiff's allegations or assert a defense. Defendants may be able to demonstrate prejudice once Plaintiff proceeds with its case against them, but they cannot demonstrate any harm that is occurring to them before that time. *Id.*

(Proposed) Amended Order Granting Plaintiff's Ex Parte
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2770 MEJ     10

Attachment B - Page 10 of 12

1  Thus, the Court finds that, at this preliminary stage, Plaintiff has met the requirements of
2  permissive joinder under Rule 20(a)(2). The putative defendants are not prejudiced but likely
3  benefitted by joinder, and severance would debilitate Plaintiff's efforts to protect its copyrighted
4  material and seek redress from the Doe Defendants who have allegedly engaged in infringing
5  activity. To be fair, the Court recognizes that the questions of joinder and severance must be
6  deferred until after discovery has been authorized and any motions to quash filed. The Court is
7  also cognizant of the logistical and administrative challenges of managing a case with numerous
8  putative defendants, a number of whom may seek to file papers pro se. However, severing the
9  putative defendants at this early stage is no solution to ease the administrative burden of the
10 cases. The Court therefore declines to sever the Doe Defendants at this time.

## V. CONCLUSION

12  For the reasons stated above, the Court **GRANTS** Plaintiff's Ex Parte Application for
13  Expedited Discovery (Dkt. No. 5) as follows:
14  1. IT IS HEREBY ORDERED that Plaintiff is allowed to serve immediate discovery on
15  Does 1-1,474's ISPs listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that
16  seeks information sufficient to identify the Doe Defendants, including the name, address,
17  telephone number, and email address of Does 1-1,474. Plaintiff's counsel shall issue the
18  subpoena and attach a copy of this Order.
19  2. IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service
20  upon them to serve Does 1-1,474 with a copy of the subpoena and a copy of this Order. The ISP
21  may serve the Doe Defendants using any reasonable means, including written notice sent to his
22  or her last known address, transmitted either by first-class mail or via overnight service.
23  3. IT IS FURTHER ORDERED that Does 1-1,474 shall have 30 days from the date of
24  service to file any motions in this Court contesting the subpoena (including a motion to quash or
25  modify the subpoena). If that 30-day period lapses without Does 1-1,474 contesting the subpoena,
26  the ISP shall have 10 days to produce the information responsive to the subpoena to Plaintiff.
27  4. IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any
28  subpoenaed information pending the resolution of any timely-filed motion to quash.

Case3:11-cv-02770-MEJ Document73 Filed11/30/11 Page19 of 19
9/26/2011 2:21:22 PM PST (GMT-8) FROM: 3235764561-TO: 13259496916 Page: 34 of 36

Case3:11-cv-02770-MEJ Document13 Filed09/22/11 Page12 of 12

1  5. IT IS FURTHER ORDERED that the ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

8. IT IS FURTHER ORDERED that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> ***
> "(2) A cable operator may disclose such information if the disclosure is—
> ***
> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

This Order is an order authorizing such disclosure.

**IT IS SO ORDERED.**

Dated: September 22, 2011

Maria-Elena James
Chief United States Magistrate Judge