UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NEW SENSATIONS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1-1,474,<br><br>　　　　　　　Defendants.<br>_____/ | No. C 11-2770 MEJ<br><br>**ORDER DENYING DOE DEFENDANT #152's MOTION TO QUASH; MOTION TO PROCEED ANONYMOUSLY (I.P. Address 173.60.130.235)**<br><br>**Docket Nos. 69, 75** |

On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 13. The Court permitted Plaintiff to serve subpoenas on Does 1-1,474's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-1,474. *Id.* at 11. Once the ISPs provided Does 1-1,474 with a copy of the subpoena, the Court permitted Does 1-1,474 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

On November 30, 2011, Doe Defendant #152 (I.P. Address 173.60.130.235) filed a Motion to Proceed Anonymously and a Motion to Quash. Dkt. Nos. 69, 75. In his motions, Doe #152 argues that Plaintiff has failed to establish a prima facie case of copyright infringement against him, that joinder is improper, and that the Court lacks jurisdiction over him. As to the first two arguments, the Court has addressed them at length in its September 22 Order and finds they are

without merit at this stage of the litigation. Dkt. No. 13 at 5:10-6:4, 6:22-11:10. As to the third argument, the Court finds that any motion to quash based on jurisdictional grounds is premature. *See, e.g., New Sensations, Inc. v. Does 1-1,745*, 2011 WL 2837610, at *1 (N.D. Cal. Jul. 18, 2011); *Call of the Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). Rule 12(b)(2) permits defendants to move to dismiss for lack of personal jurisdiction. Although the Doe Defendant moves the Court to dismiss the action against him for lack of personal jurisdiction, he is not yet a defendant. If and when Plaintiff names him as a defendant, he will be able to raise this defense. Once Plaintiff amasses enough evidence and names the Does, it will then have the burden to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, the Doe Defendant may present his affidavit asserting that he has never engaged in business with Plaintiff and that his activities with the forum state do not meet the requisite minimum contacts to establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full record. At this time, however, without any named defendants, the motion is not yet ripe. The motion is DENIED WITHOUT PREJUDICE and may be brought again once Plaintiff names the Doe Defendant as a defendant or when the Doe Defendant has identified himself. As there is no basis for giving any credence to an unsworn statement made by an anonymous person, the Court finds it inappropriate to quash the subpoena, thereby dismissing the Doe Defendant from this case, before Plaintiff has an opportunity to learn the Doe Defendant's identity and to determine whether jurisdiction is proper.

Further, as to Plaintiff's motion to proceed anonymously, if Doe 152 wishes to appear in this action anonymously or otherwise, she must follow the proper procedures for doing so. At a minimum, the Court and the parties must be informed of the litigant's identity. If the litigant wishes to protect her identity from the public, the litigant may use a pseudonym in public filings only after receiving permission for good cause shown. Defendant is advised that the Ninth Circuit court of appeals allows the use of pseudonyms only in the most unusual cases. *See, e.g., Does I thru XXIII v.*

2

*Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). Accordingly, Doe 152's motions are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge