**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NEW SENSATIONS, INC.,<br><br>                Plaintiff,<br>    v.<br>DOES 1-1,474,<br>               Defendants.<br>_____/ | No. C 11-2770 MEJ<br><br>**ORDER DENYING MOTION TO QUASH (IP ADDRESS 24.176.24.5)**<br><br>**Re: Docket No. 82** |

On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 13. The Court permitted Plaintiff to serve subpoenas on Does 1-1,474's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-1,474. *Id.* at 11. Once the ISPs provided Does 1-1,474 with a copy of the subpoena, the Court permitted Does 1-1,474 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or

modify the subpoena). *Id.*

Now before the Court is a Motion to Quash, filed by an individual Doe Defendant connected to IP Address 24.176.24.5[1] Dkt. No. 82. In his motion, the Doe Defendant argues that the alleged copyright violation "has been wrong suggested on my behalf" as he has "never used BitTorrent." However, as the Doe Defendant's argument goes to the merits of the case, and the Doe Defendant has not appeared in this case as a Defendant, the Court finds the motion premature. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 1, 2011

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

[1] Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on the Defendant's motion(s) to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s).