FILED
2011 DEC -1 P 2: 39
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

NEW SENSATIONS, INC.,
    Plaintiff,

CASE No. CV-11-2770 MEJ

Vs.

MOTION TO QUASH OR
MODIFY SUBPOENA

DOES 1-1474,
    Defendants.

_____ /

## MOTION TO QUASH OR MODIFY SUBPOENA

    I received a letter from my ISP regarding a subpoena, which included a copy of the Order

Granting Plaintiff's Ex Parte Application For Leave to Take Limited Expedited Discovery.

    From accounts of previous defendants of Ira Siegal, these complaints are nearly identical

and the earlier set was dismissed because plaintiff "offers no factual basis for this allegation {of

copyright infringement]." In addition, previous cases involving BitTorrent protocol were severed

for misjoinder. Referencing similar cases, from accounts of previous defendants of Steele

Hansmeier (Formerly Steele Law Firm, LLC), these subpoena notifications are followed by

demand letters. These letters – which demand around $2900 to avoid dealing with their lawsuit[1]

– and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this

reason, I respectfully request that I be allowed to do so without revealing my personally

identifying information. These are the reasons I am filing this motion, and for this reason, I

respectfully request that I be allowed to do so without revealing my personally identifying
information.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Ira

Siegel, is using improper joinders in their mass lawsuits alleging copyright infringement through

BitTorrent. These lawsuits include over thousands of defendants in the Northern District of

California alone. For reference, Steele Hansmeier (similar Plaintiff counsel as Ira Siegel) also

has mass lawsuits in Illinois, including a BitTorrent case nearly identical to this one, *CP*

*Productions, Inc. v. Does 1-300 case 1:2010Ocv06255*, an in this case the court notes before

dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that
> this court will assume to be the case, given the Complaint's allegations that so state),
> each of these infringements was separate and apart from the others. No predicate has
> been shown for thus combining 300 separate actions on the cheap – if CP had sued the
> 300 claimed infringers separately for their discrete infringements, the filing fees alone
> would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in
more than one way" with its "ill-considered" lawsuit:

> This court has received still another motion by a "Doe" defendant to quash a subpoena in
> this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300
> unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011
> subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011
> memorandum opinion and order has already sounded the death knell for this action,
> which has abused the litigation system in more than one way. But because the aggrieved
> Doe defendants continue to come out of the woodwork with motions to quash, indicating
> an unawareness of this Court's dismissal of this action. I CP's counsel is ordered to
> appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what
> steps should be taken to apprise all of the targeted "Doe" defendants that they will not be
> subject to any further trouble or expense as a result of this ill-fated (as well as ill-
> considered) lawsuit.

*CP Productions Inc. vs. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants0*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker

Writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P.23.

*VPR Internationale v. Does 1-1017 case 2:2011cv02068*
In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder.

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed Does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed Does 2-435)*
> *Diabolic Video Productions, Inc. vs. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc. v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by

Steele Hansmeier, *Millennium TGA, Inc. v. Does 1-21 case 3:2011cv02258*, Judge Samuel

Conti found the same joinder problems, and wrote in his order denying request for leave to take

early discovery, "This Court does not issue fishing licenses;" And these nearly identical

BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again

represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc. v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc. v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

## ARGUMENTS

**1)   Plaintiff Has Improperly Joined 1,474 Individual Defendants Based on Entirely Disparate Alleged Acts**

**2)   Plaintiff Has Improperly Joined 1,474 Individual Defendants Based on Lack of Jurisdiction**

The Plaintiff's joinder of 1,474 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

Comcast subscriber John Doe I could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed....
Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions.

Specifically:

Persons... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise" out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuits against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants to*gether for purposes of joinder." LaFace Records, 2008 WL 544992, at *2. In BMG Music v. Does 1-4,* No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) the court

*sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203,* No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order. *In re Cases Filed by Recording Companies,* filed in *Fonovisa Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. V. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group. Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A., (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al. v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until Plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-1474, from the case.
*See* Fed. R. Civ. P. 21.


Defendant Doe #389 argues that the subpoena has no jurisdiction in the state he lives in and therefore should be quashed and/or dismissed due to insufficient relationship between Plaintiff's claim(s) and Defendant Doe #389's contact with California to justify the Court's jurisdiction over said Defendant.  Due process requires that a defendant be sued in a jurisdiction where the court has personal jurisdiction over that defendant (*World-Wide Volkswagen Corp. v. Woodson* 444 U.S. 286,297 (1980)).  Jurisdiction over a defendant may be general or specific in nature.  Specific jurisdiction may exist only when the defendant has purposefully availed himself of the benefit of the jurisdiction through contacts with the forum.

The constitutional standard is whether the defendant had certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310,316 (1945).  I, Defendant Doe #389 do not reside, work, or conduct business in California, have not contracted to supply services in California; the IP address that is assigned to me is not within the jurisdiction of the court; I have no interest in nor use of any real property in California; I do not consent to personal jurisdiction in California; I have no normal business or personal contacts in California; I have had no recent contact with California with the exception of receiving the subpoena at issue here; and I have no other significant relationship with California.  Therefore, it is improper and against the traditional notions of fair play and substantial justice to subject me to

this lawsuit in said jurisdiction.  It would also be improper for Charter Communications, Inc. to be required to turn over my identifying information to Plaintiff.

In addition, this case is virtually identical to *On the Cheap, LLC v. Does 1-5011,* Case no. C10-4472 in the U.S. District Court, northern District of California, San Francisco Division (Honorable Judge Bernard Zimmerman).  In that case, Judge Zimmerman severed and dismissed for improper joinder all but one defendant whose IP address was identified as within the Court's jurisdiction.  Judge Zimmerman also quashed the subpoenas without prejudice to refilling in an appropriate jurisdiction.

I am there for seeking relief in the form of the subpoena being voided and/or quashed.

Dated 23 November 2011                              Respectfully submitted,

                                                    *s/John Doe 389*
                                                    John Doe 389
                                                    *Pro se*