UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NEW SENSATIONS, INC., | No. C 11-2770 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH** |
| v. | |
| DOES 1-1,474, | **Re: Docket No. 86** |
| Defendants. | |

On June 7, 2011, Plaintiff New Sensations, Inc. ("Plaintiff") filed this lawsuit against 1,474 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Big Bang Theory: A XXX Parody*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. On September 22, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 13. The Court permitted Plaintiff to serve subpoenas on Does 1-1,474's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-1,474. *Id.* at 11. Once the ISPs provided Does 1-1,474 with a copy of the subpoena, the Court permitted Does 1-1,474 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). *Id.*

Now before the Court is a Motion to Quash/Objection filed by Jack Farris.[1] Dkt. No. 86. In

---

[1] Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010), and therefore, the undersigned has jurisdiction to rule on the Defendant's motion(s) to the extent they seek to quash Plaintiff's subpoena. In addition, a magistrate judge has jurisdiction to consider the

his filing, the Doe Defendant argues that he does not know how to download anything. While Mr. Farris' argument might ultimately prevail in this case, the Court finds that it is premature to consider any factual defenses based on the merits of the case, where no defendants have been named and/or served. If and when Plaintiff names him as a defendant, he will be able to raise such a defense. At that time, with evidence from both sides, the case can be decided on a full record. At this time, however, without any named defendants, the motion is not yet ripe. The motion is DENIED WITHOUT PREJUDICE and may be brought again once Plaintiff names Mr. Farris as a defendant.

Under Rule 45(c)(3), a court must modify or quash a subpoena that, inter alia, "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information. Fed.R.Civ.P. 45(c)(3)(B). As the Doe Defendant has provided no argument in support of his objection, the Court is unable to determine whether any protection under Rule 45(c)(3) should be afforded. Accordingly, the Doe Defendant's Motion to Quash is DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

---

question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action, because defendants who have not been served are not considered "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party). Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NEW SENSATIONS INC,

        Plaintiff,

v.

DOES 1-1474 et al,

        Defendant.

Case Number: CV11-02770 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jack Farris
7 Wood River Rd
Lake Ozark MO 65049

Dated: December 5, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk