| | |
|---|---|
| 1 | Name: Doe #918 |
| | I.P. Address 71.90.91.100 |
| | E-mail Address: jdoevs@yahoo.com |
| 2 | |
| 3 | Pro Se |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

NEW SENSATIONS, INC., ) Case Number: C 11-2770 MEJ
)
Plaintiff(s), )
) NOTICE OF MOTION AND MOTION TO
vs. ) DISMISS
)
DOES 1-1,474 )
)
Defendant(s). )

PLEASE TAKE NOTICE than on November 12, 2011, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Maria-Elena James.

I will, and hereby do, move for an order granting the attached MOTION TO DISMISS.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points, geolocated Internet Protocol ("IP") address, the Declaration of Doe #918, and the [Proposed] Order filed herewith.

NOTICE OF MOTION AND MOTION TO DISMISS;

CASE NO. 11-2270 MEJ; PAGE 1 of 5

# MEMORANDUM OF POINTS
## I. INTRODUCTION

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Ex Parte Application for Leave to take Limited Expedited Discovery. (Dkt. No. 5.)

In this motion I, Doe #918, request that the subpoena be quashed and the case against me dismissed on the grounds of lack of personal jurisdiction and improper venue.

## II. DISCUSSION

I do not reside, work, or conduct business in California, the likely-hood of which the Plaintiff should already be aware since the Plaintiff stated that while "...CEG is unable to determine their true names, street addresses, telephone numbers, and email addresses" (Dkt No. 5 ¶5), "...CEG uses available databases to record the name of the ISP having control of the IP address and **the state (and often the city or county)** associated with that IP address." (Id ¶7). (emphasis added) .

Furthermore IP geolocation services are generally available to the public. The IP address that is identified as assigned to me, 71.90.91.100, is not located within the jurisdiction of this Court. In addition, I have no property in California. I have no business or personal contacts in California and I have no significant relationship with California.

Despite the Plaintiff's statement that the "Venue in this District is proper ... [and] ... each Defendant may be found in this District", my IP addresses is not located in California, let alone the Northern District of California. (Pl. Comp. ¶2). In similar cases the Plaintiff is responsible for using geolocation to establish the personal jurisdiction of each Doe Defendant, as in *Raw*

NOTICE OF MOTION AND MOTION TO DISMISS;
CASE NO. 11-2270 MEJ; PAGE 2 of 5

*Films, LTD., v. John Does 1-32*, No. 3:11cv532-JAG (does 2-32 severed), where "the plaintiff used geolocation technology and traced the Internet Protocol ("IP") addresses of each defendant to acquire the general location and time of the alleged infringement." Of the 1,474 Doe defendants in this case, the majority of them are likely outside this Court's jurisdiction and have been improperly joinded.

The Plaintiff's council, Ira Siegel, has a nearly identical case in this District that has also been dismissed on similar grounds, *On the Cheap, LLC v. Does 1-5011* case 3:10cv04472-BZ (N.D. Cal.;Oct 4th, 2011;dismissed all defendants), and in this case Judge Zimmerman states

> Plantiff, well aware of the difficulties out-of-state and out-of-district defendants would face if required to appear in San Francisco, has nonetheless sent them settlement demands which apparently inform them that they have been sued in this District. The defendants are left with a decision to either accept plaintiff's demand or incur significant expense to defend themselves in San Francisco or hire an attorney to do so. This does not comport with the "principles of fundamental fairness," ...
> Knowing that most defendants were not from this District, plaintiff nonetheless asserted that venue was proper and omitted from the complaint any allegation that would support personal jurisdiction over any defendant. ...
> [P]laintiff appears to have used the information from the subpoena for a different purpose: to extract settlements from out-of-state defendants by notifying them that they have been sued in California, knowing that it is highly unlikely that many of them will be amenable to suit in California.

The Plaintiff's council argues that "they cannot demonstrate any harm that is occurring to them" by not proceeding anonymously, however as shown in the previous quote from *On the Cheap, LLC v. Does 1-5011* (Id.), harassment has been demonstrated by recent behavior by Plaintiff's council. (Dkt. No. 36 ¶3). Furthermore, the request to remain anonymous at this point and in this Court should be weighted against the fact that the Plaintiff has data derived from each Doe's IP address relevant to jurisdiction: "[In] this

NOTICE OF MOTION AND MOTION TO DISMISS;
CASE NO. 11-2270 MEJ; PAGE 3 of 5

very case, 1 out of every 25 defendants is believe to be in this very district. Nicolini Decl., par. 23." (Dkt No. 36 Pg.9 ¶1).

In yet another case in this District and by the Plaintiff's council, similar jurisdictional points are raised and Defendants severed, see *Zero Tolerance Entertainment, Inc. v. Does 1-2943* case 3:2011cv02767-EDL (N.D. Cal.;Sept. 15, 2011;dismissed does 2-2942):

> Plaintiff alleges that it believes that "each Defendant may be found in this district." Compl. ¶ 2. However, Plaintiff also states in a declaration supporting this ex parte application that: "[W]e could determine that of the 2943 Doe Defendants in this case, at least 1 out of every 5 of the IP addresses is associated with a physical address that is likely in California, and of those more than 1 out of every 5 is likely in one of the counties within the Northern District of California." Nicolini Decl. ¶ 23.

In another similar case in this District, the court finds that a small percentage of the Does listed are located within the District as claimed by the Plaintiff.

> Furthermore, in this case, Plaintiff admits that only one of six of the Doe defendants likely is located in this district. Nicolini Decl., ECF No. 6-1 at 9, ¶ 23. *Third Degree Films v Does 1-3577* case 4:2011cv02768-LB (N.D. Cal.;Nov 4th, 2011;severed 2-3577)

Other states have also recognized the jurisdictional flaws in these types of cases and severed the Does.

> As far as the plaintiff knows, none of the defendants are located in Illinois and it merely alleged, without any basis the court can discern, that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, apparently none of the Doe defendants who have filed motions to quash are located in Illinois and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, see, e.g.,http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.
> *Millennium TGA Inc. v. Does 1-800* case 1:10cv05603-BMM (N.D. Ill.;Mar. 31, 2011;dismissed all defendants)

1  The Plaintiff argues that dismissal at this stage it refiled in appropriate districts
2  would "deny Plaintiff the opportunity to obtain redress from an infringer" because "the
3  ISP may no longer have the required information", however with respect to Doe #918
4  the Plaintiff waited 9 months before filing the complaint with the Court. (Dkt. No. 36
5  ¶2).

### III. CONCLUSION

I respectfully request that Doe #918, based on lack of personal jurisdiction and improper venue, be severed from this case.

Respectfully submitted,

Date: November 12, 2011    Signature: John Doe #918

Printed name: John Doe #918

Pro Se

NOTICE OF MOTION AND MOTION TO DISMISS;
CASE NO. 11-2270 MEJ; PAGE 5 of 5

Name: Doe #918
I.P. Address 71.90.91.100
E-mail Address: jdoevs@yahoo.com

Pro Se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC., <br><br> Plaintiff(s), <br><br> vs. <br><br> DOES 1-1,474 <br><br> Defendant(s). | Case Number: C 11-2770 MEJ <br><br> **DECLARATION OF** <br><br> **Doe #918 (IP 71.90.91.100)** <br><br> **IN SUPPORT OF MOTION TO DISMISS** |

In support of Motion to Dismiss I, Doe #918, IP 71.90.91.100, declare as follows:

1. I have been identified as Doe #918 in this case.

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto in a court within the proper jurisdiction.

*I do not reside, work, or conduct business in California; have not contracted to supply services in California; the IP address that is identified as assigned to me is not with the jurisdiction of this Court; I have no real property in California; I do not consent to personal jurisdiction in California; I have no business or personal contacts in California and I have no significant relationship with California.*

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 16, 2011.

Date: November 16, 2011    Signature: Doe #918 (IP 71.90.91.100)

Printed name: Doe #918 (IP 71.90.91.100)
DECLARATION OF Doe #918 (IP 71.90.91.100)
CASE NO. 11-2270 MEJ; PAGE 1 of 1

Name: Doe #918
I.P. Address 71.90.91.100
E-mail Address: jdoevs@yahoo.com

Pro Se

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW SENSATIONS, INC., | Case Number: C 11-2770 MEJ |
| Plaintiff(s), | |
| vs. | [PROPOSED] ORDER GRANTING MOTION TO DISMISS |
| DOES 1-1,474 | |
| Defendant(s). | |

The Court has considered the MOTION TO DISMISS by Doe #918, IP Address 71.90.91.100. Finding that good cause exists, the subpoena to Charter Communications is quashed and the motion to dismiss with prejudice is GRANTED.

IT IS SO ORDERED

Date:_____        _____

Chief United States Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION TO DISMISS;
CASE NO. 11-2270 MEJ; PAGE 1 of 1

**PROOF OF SERVICE**



Case name: New Sensation, Inc. vs. Does 1-1,474

Case number: C 11-2770 MEJ

On the date shown below, I, ***Doe #918 - IP 71.90.91.100***, served the following document(s): *NOTICE OF MOTION AND MOTION TO DISMISS*

I served the documents by the following method(s):

☐   FAX.  The document(s) listed above were transmitted to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

X   U.S. MAIL.  The document(s) listed above were placed in a sealed envelope with postage thereon fully prepaid, in the United States mail, addressed as set forth below.

☐   PERSONAL DELIVERY.  The document(s) listed above were delivered personally to the persons at the addresses set forth below by

☐   EXPRESS MAIL.  The document(s) listed above were caused to be sent by Federal Express/Express Mail.

Recipients' Names and Addresses or Fax Numbers:

Ira M. Siegel
Law Offices of Ira M. Siegel
433 N. Camden Drive Suite 970
Beverly Hills, CA 90210

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2011

Signature: Doe #918

Printed name: Doe #918

PROOF OF SERVICE, CASE NO. C 11-2770 MEJ, PAGE 1 OF 1